Manning *v.* Johnson.

---

———————◆———————

SAME TERM.    *Before the same Justices.*

## MANNING *vs.* JOHNSON.

To give a justice jurisdiction, and to authorize him to render judgment against an absent defendant, there must be a *return* showing *personal service of process.*

An entry in a justice's docket, as follows, " Sept 1 Sums 2 pers by S. B. Ward Const 11 plff appears" &c. furnishes no evidence of the service of a summons upon the defendant.

THIS was an appeal from the county court of Onondaga county. The cause was originally commenced in December, 1848, before a justice, by summons duly served and returned. The parties appeared and joined issue, and on the 1st of January, 1849, the cause was tried, and judgment was rendered by the justice, in favor of the plaintiff, for $41,78 damages, and $1,32 costs. An appeal was taken, to the county court, and the judgment of the justice was reversed and a new trial ordered, pursuant to the code. On the 1st day of February, 1849, the same justice issued a summons requiring the defendant " to appear for the new trial of this action, pursuant to the order of the county judge of Onondaga county, made in said cause," at his office, on the 8th of February. On the return day the parties appeared before the justice, and the defendant objected that the summons should be quashed or set aside, because, 1st. It did not appear that at the issuing thereof a new trial had been granted ; 2. That it did not appear that any such new trial had been granted at all ; 3. That there was no evidence, at the issuing of the summons, or on the return day thereof, that a new trial

had been granted.  The justice thereupon stated that he could not take judicial notice of a new trial being granted, without some proof to that effect.  The plaintiff thereupon produced the judgment roll upon the appeal, together with the opinion of the county judge, showing that the judgment of the justice was reversed by the appellate court, with costs, and a new trial ordered to be had, before the same justice.  The defendant renewed his objections, and further claimed that from the testimony it appeared that the judgment was one of reversal, and that the order for a new trial was a nullity : that the power of the judge was spent on reversing the judgment, and that the judge could not join a judgment of reversal with such an order.  The court overruled the motion and objection.  The cause was then adjourned to the 4th day of May then next, at which time the parties again appeared before the justice, and the cause was then further adjourned to the 5th day of May, then instant, at which time the parties appeared, and the cause proceeded to trial upon the pleadings on which the cause was originally tried, to wit : the complaint was upon a judgment duly rendered by John H. Johnson, a justice of the peace of the county of Onondaga, for $30,73 damages and costs, Sept. 18, 1843, against the defendant, and in favor of the plaintiff.  The defendant, by his answer, denied that any such judgment as was mentioned in the complaint was ever duly rendered, given or made, and denied any allegation to the contrary of that in the plaintiff's complaint.  The defendant alledged that the action was not prosecuted in the name of the real party in interest, but that one Daniel Benedict was the real plaintiff in interest.  That said Daniel Benedict was the owner of said judgment, and not the person named as plaintiff; and the defendant averred that he was not within the jurisdiction of the justice by whom the said supposed judgment was given at the commencement of the suit in which said judgment was given.  That no process for the commencement of said suit was ever served upon him, nor had he any day in court before the said justice, nor any opportunity of interposing his defence to said suit.  The defendant also alledged an indebtedness to him by the plaintiff and claimed to set off

the same. He also stated that no new trial had been granted in the action. The plaintiff denied said answer, and .the cause proceeded to trial. The plaintiff called as a witness John H. Johnson, who testified that on the 1st day of September, 1843, he was a justice of the peace of the county of Onondaga, and some time before then, and thereupon he produced a manuscript book of entries and containing entries relative to the judgment referred to in the complaint in this cause, and testified that it was his docket; that he kept a docket at that time, the one produced; that an entry was made in his book in the words and figures following:

" *Franklin Manning* vs. *Quincey A. Johnson.*

Sept 1　Sums 2 pers by S. B. Ward Const　11　plff appears declares on note　Adj. to 18th inst. 1 P. M.

18　S. E. Kingsley sworn, and judgment for plff

| Damages, | | $29 70 |
|---|---|---|
| Costs, | Sept. 18, 1843. | 1 03 |
| | 1846, Dec. 5. Trans. | 30 73" |

The above was all that appeared in the docket. Johnson further testified that Ward was a constable of said county at the time of the commencement of the said suit last mentioned. that said docket was kept by him, witness, and hereupon the plaintiff's counsel asked the witness the question following: " Was a suit commenced before you by the plaintiff against the defendant, as appears by your docket?" Objected to by the defendant's counsel, and objection overruled. The said Johnson then turned to his docket, and the entries hereinbefore stated, and read the same in evidence from said book, and testified that on the 1st day of September, 1843, Ward was constable; that witness knew nothing of the proceedings in the case, or the judgment, and had no recollection concerning them; that what appeared on his docket was all he knew about them; that he recollected nothing of them independent of his docket. Here the plaintiff offered the docket in evidence, which was objected to by the defendants, the objection overruled, and the docket was read in evidence. The testimony being closed, the defendant moved for a nonsuit, on the ground that the plaintiff had not

made out a case entitling him to recover. The cause was then submitted to the justice, and on the 8th·day of May, 1849, he rendered a judgment in favor of the plaintiff for $42,45 damages, and $2,40 costs. The defendant appealed to the county court, and that court affirmed the judgment. The defendant then appealed to this court.

*R. H. Gardner,* for the plaintiff.

*Le Roy Morgan,* for the defendant.

*By the Court,* GRIDLEY, J. We are of opinion that it sufficiently appeared before the justice that a new trial had been granted by the county court. The judgment record and the opinion of that court, by which it appeared that the judgment below had been reversed and a new trial awarded was enough for the justice to act upon. The objection that if the county court reversed the judgment it could not grant a new trial, was too technical. It is true that the code does not treat an order for a new trial as involving the reversal of the judgment below ; but it does that substantially ; and the justice was right in disregarding the objection.

The important question upon this appeal is whether the justice who tried the cause wherein the judgment was rendered upon which the present action was brought ever acquired jurisdiction over the person of the defendant.

The declaration before the justice was founded on a judgment rendered in a justice's court, and under sections 138 and 57 of the code merely alledged that the judgment was *duly rendered,* without setting forth any fact to show the jurisdiction of the justice. This allegation was controverted in the answer ; which made it the duty of the plaintiff to prove the facts conferring jurisdiction, under the provision of the said 138th section of the code of procedure. In addition to this, the defendant in his answer denied in all possible forms any service of process, or any appearance by him, in the suit in which the judgment was obtained.

---
Manning *v.* Johnson.
---

· Now under this issue we will not say that the judgment would be void, in consequence of the omission of the officer to serve process on the defendant, provided there was no collusion between the officer and the plaintiff, and no fraud on the part of the latter. (*See Putnam* v. *Man*, 3 *Wend.* 202.) But there must have been a *return of personal service* before the magistrate to authorize him to proceed in the cause and render judgment against an absent defendant. (19 *Wend.* 477. 3 *Id.* 202. 14 *John.* 481. 7 *Hill*, 39.) The question here, is whether there is any legal evidence of such a return, or of the actual service of the summons. We think there was not. The docket of the justice was the only evidence of those facts; and the following is the only entry which has any relation to the point in question. " *Sept* 1. *Sums* 2 *pers by S. B. Ward Const* 11 *plff appears,*" &c. It can not be maintained that this entry furnishes any *evidence of the service of a summons.* There are, not only, no words that can be so read, but there are no abbreviations which, by filling up, would bear such a construction, upon the most liberal intendment, in favor of the docket. The court extended the rule of intendment and construction to the very verge in the case of *Groff* v. *Griswold*, (1 *Denio*, 432.) There, however, it was only required to fill up the abbreviations in order to make out a return of personal service. But, here, it would be necessary to supply material abbreviations, as well as to fill them up. The entry in the docket can not be read so as to show that there was a return of the constable stating that he had personally served the summons on the defendant. Even if it were competent to supply the defect by calling the justice to explain what he meant by the memoranda read from the docket. *That* was not done. There was nothing but the bare words and figures, which we have extracted from the docket, to prove to the court below the important fact on which the jurisdiction of the justice depended; a fact which was distinctly put in issue, and which was capable of proof (if indeed the fact existed) by the production of the summons, or if that had been lost, by the oath of the constable. The docket, it must be remembered, is documentary evidence, and should be sufficient on its face, to prove the

fact which it is designed to establish by it. To admit evidence of so loose a character as the entry in question, to prove a fact so important, would be most dangerous. We are bound therefore to correct this error. The judgment of the county court, and of the justice, must be reversed ; and we also order a new trial before the justice who tried the cause, under the authority conferred by the 330th section of the code.

