McALLISTER *v.* CASE *et al.*

(*Common Pleas of New York City and County, General Term.* June 3, 1889.)

MECHANICS' LIENS—FILING LIS PENDENS.

    The mechanic's lien act (Laws N. Y. 1885, c. 342, § 6) provides that "no lien shall bind the property for a longer period than one year after the filing of notice of lien, unless within that time an action is commenced to enforce the same, and a notice of the pendency of such action is filed," etc.; also that. "when a claimant is made a party defendant to any action brought to enforce any other lien, such action shall be deemed an action to enforce the lien of such defendant." *Held,* that the filing of a *lis pendens* by the plaintiff is sufficient to preserve the liens of all the claimants who are made defendants.

Appeal from judgment on report of referee.

Argued before LARREMORE, C. J., and ALLEN and BOOKSTAVER, JJ.

---

[1]Not reported.

*John Hahn, Jr.,* for appellant.    *George A. Strong* and *Frederick M. Littlefield,* for respondents.

LARREMORE, C. J.   This action was brought by plaintiff to foreclose a mechanic's lien, and he made the defendant Rudolf, the defendant the Hopkins & Dickinson Manufacturing Company, and others parties as subsequent lienors.   The trial was before a referee, who found in favor of plaintiff's lien, and also that such subsequent liens had been duly filed.   Said referee, however, further decided, with regard to the lien of said Rudolf, that, as he had not commenced an action, or filed a *lis pendens,* within a year from the filing of his lien, the same became inoperative, as far as securing any claim *in rem.* He therefore in his report disallows the right of said Rudolf to payment out of the fund, and promotes to his place a subsequent lienor.   From the judgment confirming said report this appeal is taken.   There was but a single question discussed on the argument, and that seems to be the only one involved.   It was conceded by all that, under the language of section 6 of the mechanic's lien act of 1885,[1] it is not necessary for all lienors to commence separate actions; but it was contended on behalf of respondent that it is incumbent upon them to file separate notices of pendency of action.   To so hold would be to interject something which certainly is not in the language of the statute, and which does not follow from any necessary or fair interpretation thereof.   *The provision in question is that no lien shall bind the property for a longer period than one year after the filing of notice of the lien, unless within that time an action is commenced to enforce the same, and a notice of the pendency of such action is filed with the county clerk.   "And when a claimant is made a party defendant to any question brought to enforce any other lien, such action shall be deemed an action to enforce the lien of such defendant, who is a claimant within the provisions of this act."   A person who has been made a party defendant in an action to enforce another's lien is by this statute relieved from the necessity of bringing a separate suit in order to keep his own lien alive, and it is required only that a notice of the pendency "of such action" be filed.   A notice of pendency of action was filed by plaintiff in the case at bar, and the same was sufficient to save Rudolf's rights as a lienor.   Much reliance was placed by respondents on the case of *Danziger* v. *Simonson,* 53 N. Y. Super. Ct. 158, but such decision is clearly inapplicable.   It was made under the consolidation act of 1882, as amended by chapter 276 of the Laws of 1883.   As so amended (section 17, c. 276, Laws 1883) the mechanic's lien law contained the following clause: "And where a claimant is made a party defendant to any action brought to enforce any other lien, a notice of the pendency of such action must be filed by him or in his behalf."   In the face of this express language, it was just as clearly the duty of a court to require a separate *lis pendens* from each defendant as it is our duty, considering the significant absence of any such provision in the act of 1885, to hold that a single *lis pendens* filed by the plaintiff is adequate to preserve the liens of all parties.   Many suggestions were made as to probable inconveniences to conveyancers and perils to the public if appellant's view were allowed to prevail.   I think the magnitude and importance of these considerations were overestimated in the pardonable zeal of the counsel. But, in any event, such arguments must be addressed to the legislature, and not the court.   We find before us a simple statute, which requires no further interpretation than its plain reading, and counsel for respondent is in effect asking us to restore by judicial legislation the provision of a former act which the legislature omitted from the present law.   The judgment appealed from must be modified so as to provide for the payment out of the fund of Rudolf's lien in the order of the priority of its filing, and as so modified said judgment must be affirmed.   All concur.

[1] Laws N. Y. 1885, c. 342.