### MCALLISTER v. CASE et al.

*(Common Pleas of New York City and County, General Term.   December 2, 1889.)*

APPEALABLE ORDERS.

An appeal will be granted to the court of appeals from a decision of the general term of the common pleas that a person who has filed a mechanic's lien under Laws N. Y. 1885, c. 342, § 6, and is made a party defendant to a foreclosure suit by another lienholder, need not file a *lis pendens* in order to continue his lien, as the act is general and the question may be controverted.

On application for leave to appeal to the court of appeals.
For opinion on the merits, see 5 N. Y. Supp. 918.
Argued before LARREMORE, C. J., and DALY and VAN HOESEN, JJ.
*John J. Hahn, Jr.*, for appellant.   *George A. Strong* and *Frederick M. Littlefield*, for respondents.

DALY, J.   The question in this case is whether a person who has filed a mechanic's lien, and is made a party defendant to an action brought by another lienor to foreclose, must file a notice of pendency of action in order to continue his lien.   Chapter 342, Laws 1885, § 6.   Our general term has held that he need not, (5 N. Y. Supp. 918,) and we are requested to permit an appeal to the court of appeals.   As the act is general, and there may be a difference of opinion in the state on the question, I am in favor of facilitating its settlement by the court of last resort.   All concur.

---

### MAHON v. SEWELL.

*(Common Pleas of New York City and County, General Term.   December 2, 1889.)*

APPEAL—REHEARING.

An application for reargument will be denied, where the applicant does not show that any decisive question has been overlooked by the court, nor that the decision conflicts with any express statute or controlling decision.

On motion for reargument.   For former report, see 6 N. Y. Supp. 662.
Argued before LARREMORE, C. J., and DALY and VAN HOESEN, JJ.
*John McCrone*, for appellant.   *Robert J. Mahon*, for respondent.

DALY, J.   The appellant does not bring himself within the rule for granting rearguments as laid down by the court.   *Curley* v. *Tomlinson*, 5 Daly, 283.   He does not show that any question decisive of the case has been overlooked by the court, nor that the decision is in conflict with an express statute, or with a controlling decision of the court.   This is an application to reargue the case upon the points and authorities upon which it has been already heard and disposed of.   The application should be denied, with $10 costs.   All concur.