JOHN HARDWICK, Plaintiff, *v.* THE ROYAL FOOD COMPANY of New Jersey and Others, Defendants.

THOMAS E. FERRIER, Claimant, Appellant.

*Action for the foreclosure of a mechanic's lien — all liens of defendants may be foreclosed — failure to answer — a judgment cannot be attacked collaterally — relief granted by courts of equity.*

In an action brought to foreclose a mechanic's lien, prosecuted in a court of general jurisdiction which, upon the service of the necessary process and pleadings, acquires jurisdiction of the persons of all the parties and of the subject-matter of the action, all the liens, both of the plaintiff and the defendants, can be foreclosed.

---

* See page 78, *post.*

In an action brought to foreclose a mechanic's lien, if the lien of a defendant is improperly stated in the complaint, such defect can be corrected by answer, but when a defendant is before the court, and has an opportunity to answer and fails to do so, and judgment is rendered against him, or is entered in such a manner as to prejudice his rights, such judgment, until set aside or reversed, is conclusive upon him and cannot be attacked by him collaterally.

In courts of equity the relief administered is flexible, adapted to the exigencies of the case in hand, and when they have control of the parties they can make a full determination in the matter.

APPEAL by Thomas E. Ferrier, as trustee, a claimant to the surplus moneys in this action, from an order of the Supreme Court, made at the Greene Special Term and entered in the office of the clerk of the county of Greene on the 27th day of October, 1893, confirming the report of a referee appointed to ascertain and report as to the priority of liens upon surplus money.

*Frank H. Osborn*, for the appellant.

*James B. Olney*, for the respondents.

MAYHAM, P. J.:

A sale under a judgment of foreclosure in the above-entitled action on a mortgage on real estate of which the defendant, The Royal Company, had the legal title, subject to the mortgage, was perfected on the 18th of April, 1893, leaving a surplus of $893.76, which was deposited in the county treasury.

The mortgage on which this foreclosure was had was dated March 31, 1890, and recorded May fifth of the same year. The premises covered by the mortgage were conveyed to the defendant, The Royal Food Company, April 1, 1891.

August 10, 1891, the Posts as partners filed a mechanic's lien against the premises sold on such foreclosure sale for labor and material for $804.85.

September 18, 1891, Conklin filed a notice of mechanic's lien claiming $600.60.

October 16, 1891, Hill filed notice of a mechanic's lien on the premises claiming $380.40.

December 14, 1891, Johnson filed notice of mechanic's lien on the premises claiming $140.08.

On the 19th of November, 1891, the Royal Food Company executed and delivered to William Onderdonk, to secure the payment

of $15,000 and interest one year from date, a mortgage on these premises which was recorded on the 23d of November, 1891. The mortgagee, Onderdonk, assigned this mortgage on the 9th of September, 1892, by an assignment which was acknowledged on the fifteenth of that month to Thos. E. Ferrier who, by a declaration in trust in writing, dated October 24, 1892, acknowledged that said bond and mortgage was assigned to him in trust for the Catskill National Bank to secure all notes, checks and demands due or to become due the bank from the Royal Food Company. At that time and ever since the Royal Food Company has owed said bank about $2,000 in notes which were partly due at the time of the distribution of this surplus.

An action in the Supreme Court was prosecuted by Herbert K. Hill on the lien filed by him wherein all the other lienors, the defendant, The Royal Food Company in this action, and Onderdonk were made parties defendants. None of these defendants appeared or answered, whereupon the plaintiff in such action, on proof of default and of filing *lis pendens*, obtained an order of reference whereby it was referred to a referee to compute the amount due the plaintiff on his lien, and, also, to take proof and report the other liens on said property, and determine the amounts thereof, and the time when the same were filed and whether any and all are due, and the order of precedence or priority thereof, and the names of the holders thereof, and determine the amount due to each.

Pursuant to this order of reference the referee therein reports that he duly qualified, and was attended upon by the plaintiff's attorney, none of the defendants appearing, and proceeded to hear the evidence. The referee in his findings of .fact reports the names of the lienors, the services and materials for which the respective liens were filed, the amount due each lienor at the time of the hearing, also the amount of the Hardwick mortgage then being foreclosed, the pendency of the action against the food company for the recovery of $5,000 purchase money, also the existence of mortgage of $15,000 by the food company to Onderdonk which he reports as an apparent lien, but which the plaintiff in the action for purchase money seeks to set aside.

As conclusions of law he finds that the Hardwick mortgage is a first lien, and that each of the other lienors has a lien, the amount of

which he determines, and directs judgment to be entered in accordance with the prayer of the complaint.

Upon this report judgment was entered directing the sale of the premises and the payment of the liens therein found due as follows: To Post & Brothers, $216.95; to Chas. Balkins, $629.85; to Herbert K. Hill, $398.13, and Harriet W. Johnson, $145.20 on the 13th day of July, 1892.

No sale of the property to which these liens attached was made on this judgment, but said premises were sold under a decree in foreclosure of the Hardwick mortgage, and a report of sale was filed therein on the 20th day of April, 1893, by which it appears that there was a surplus over and above the payment of that mortgage and costs of the sum of $804.85, to determine the right to which these proceedings were instituted.

The only question which seems to be in controversy on this appeal is, whether the proof before the referee in these proceedings authorized the allowance of the claims of any of the lienors, except that of Hill. It is insisted by the learned counsel for the appellant that as none of the defendants in the action brought by Hill for the foreclosure of his lien appeared or answered therein, there was no such adjudication of their respective claims as would authorize the referee upon these proceedings upon the mere presentment of the record in that case to allow them the amount of their liens out of this surplus.

Section 17 of chapter 342 of the Laws of 1885 makes it the duty of all persons seeking to foreclose a lien to make all other lienors, either senior or junior, parties defendant, and provides that "all persons, firms, corporations or associations, who have filed notice of liens under this act, shall, by answer in such action, set forth the same, and the court in which the action is brought may settle and determine the equities of all the parties thereto and decide as to the extent, justice and priority of the claims of all parties to the action, and upon every counterclaim or set-off alleged therein, to the extent of their respective jurisdictions." Under this section the counsel for the appellant insists that the filing of an answer by lienors who are made defendants is a jurisdictional prerequisite to the adjudication of the validity and priority of the lien, and that without the interposition of an answer the court cannot determine the validity of the

same, and that the referee, in the proceeding to determine the title to the surplus, erred in awarding any portion of it to those whose liens were only established by the judgment in the action prosecuted by Hill to foreclose his lien.

Section 7 of chapter 342 of the Laws of 1885 provides that the liens authorized under that chapter may be enforced by a civil action in any court of record in the city or county where the property is situate.

Section 8 of that chapter prescribes the form of action and provides that a certified copy of the notice of such lien shall be entitled to be read in evidence and shall be *prima facie* evidence of the existence and filing of the lien.

Section 6 of this chapter provides that where a claimant is made a party defendant in an action brought to enforce any other lien, such action shall be deemed an action to enforce the lien of such defendant who is a claimant within the provisions of this act.

This action by Hill to foreclose his lien was prosecuted in a court of general jurisdiction, which had, by the service of the process and the pleadings and liens before it, acquired jurisdiction of the persons of all these parties and of the subject-matter of that action. (*McAllister* v. *Case*, 24 N. Y. St. Repr. 52.)

In that action, as we have seen, all the liens both of the plaintiff and defendants could be foreclosed. Onderdonk, whose interest is now represented by Ferrier, as trustee, who brings this appeal, was a party to that action upon the record. No appeal was taken from that judgment. The decree in the action by Hill assumes to dispose of the rights and equities of all the lienors who were parties thereto. But it is urged that if the general jurisdiction of the court be conceded, and that it acquired jurisdiction of the parties and subject-matter in this case, still it had no power of its own to adjudicate upon the rights of parties not submitting their right to it, and that as these defendants failed to answer, as required by section 17 of the statute (*supra*), its voluntary adjudication of their rights was inoperative and void.

It is not quite clear what purpose the answer under section 17 was intended to serve. That it was a proper step in the proceeding is quite apparent, but there is nothing in the statute which divests the court of jurisdiction which it has regularly acquired by the defend-

ants' failure to answer. Doubtless if the plaintiff had stated in his complaint the liens of the defendants improperly, that defect could have been corrected by answer; but as the defendants were before the court and had the opportunity to answer and failed to do so, and judgment went against them, or was entered in such a manner that their rights were prejudiced, the judgment, until set aside or reversed, would be conclusive upon them.

They could not attack it collaterally. Any of the parties to the Hill action might have answered contesting any of the liens as set out in the bill of complaint, and in that way litigated their correctness or validity. The power to determine conflicting rights or claims between defendants in an action is expressly provided for by section 521 of the Code of Civil Procedure. (*Albany City Sav. Inst.* v. *Burdick*, 87 N. Y. 40–46; *Derham* v. *Lee*, Id. 599–604.)

In courts of equity the relief administered is flexible, adapted to the exigencies of the case in hand, and it cannot be doubted that when they have control of the parties they can make a full determination. (*Albany, etc.*, v. *Burdick, supra.*)

The appellant's assignor being before the court in the action by Hill, it was his duty, if the claims of the defendants were not correctly stated in the complaint, to have raised that question (§ 521 Code Civ. Proc.), and as he was required to do by section 17 of chapter 342 of the Laws of 1885, and to have had that question settled in that action; failing to do that we do not see how he can attack the validity of the decree collaterally in these proceedings.

In *The Matter of the Estate of Stilwell* (139 N. Y. 341) the court, in discussing the right to attack a judgment collaterally, uses this language: " The validity or regularity of a provision in a judgment of foreclosure, not raised by a party to the suit by answer, appeal or motion, cannot be raised collaterally where the court rendering the judgment had general jurisdiction of the parties and the subject-matter of the action." '

This judgment in the Hill case was an action of foreclosure, conducted in the ordinary manner of an action of foreclosure, and the rules applicable to judgments in foreclosure of mortgages seem to be applicable to judgments of this character.

We think, therefore, that the referee was right in holding that the

rights of the lienors were fixed by the judgment in the action by Hill, and that his report was properly confirmed by the order of the Special Term.

The order of Special Term should be affirmed, with costs and printing disbursements.

PUTNAM and HERRICK, JJ., concurred.

Order affirmed, with ten dollars costs and printing and other disbursements.