(72 App. Div. 141.)

PERSON v. STOLL et al.

(Supreme Court, Appellate Division, First Department.   May 16, 1902.)

1. MECHANICS' LIENS—DEFAULT BY CONTRACTOR—LIABILITY OF OWNER TO
MATERIAL MEN.

An owner of a building is liable for the claims of material men, even
though there has been a breach of contract by the principal contractor,
if there remains a sufficient part of the contract price undisposed of to
pay the same, after deducting therefrom the cost of completion of the
contract.

2. CONTRACTS—RESCISSION—EFFECT.

A contractor who elects to rescind, the other party having made de-
fault, can only recover on a quantum meruit for work done and labor
furnished.   The contract itself no longer constitutes the measure of the
recovery.

3. SAME—ERRONEOUS MEASURE OF DAMAGES—WAIVER OF OBJECTIONS.

An owner of a building, who, in a suit by the contractor to foreclose
his mechanic's lien, fails to object that the contract price, minus pay-
ments made thereunder, furnishes the proper basis for estimating the
sum due the contractor, waives his right to object thereto, though, as a
matter of fact, the contractor has elected to rescind the contract, and is
only entitled to recover on a quantum meruit.

Appeal from special term, New York county.

Action to foreclose a mechanic's lien by Orrin D. Person against
Joseph A. Stoll and others.   From a judgment decreeing foreclosure
of three several mechanics' liens, and directing personal judgments
in favor of each lienor against the defendant owner and his surety for
any deficiency, the two last-mentioned parties appeal.   Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-
LIN, O'BRIEN, and INGRAHAM, JJ.

M. C. Jacobus, for appellants.

Frank M. Avery, for respondent Person.

Gilbert W. Miner, for respondents Kelley, Waterbury, and Get-
ler.

HATCH, J.   The defendant Stoll was the owner of certain prem-
ises situate at the northeast corner of 170th street and Broadway,
in the borough of Manhattan.   On these premises he erected a seven-
story apartment house, of modern character; and in connection with
such erection he entered into a contract with Kelley and Waterbury,
composing the firm of L. Kelley & Co., to do all the plaster work in
such building.   The last-named firm contracted with the plaintiff,
Person, and the defendant Getler, to furnish a part of the material
necessary in the performance of their contract, which the said par-
ties furnished.   Person and Getler, not being paid in full for the
material so furnished, filed liens upon the premises therefor.   Kelley
and Waterbury, claiming that the defendant owner had been guilty
of a breach of contract, elected to rescind the same, and thereafter
also filed a mechanic's lien for the amount which they claimed to be
due and unpaid to them under the contract.   This action is brought
by the plaintiff, Person, to foreclose his lien; and he made as par-
ties thereto the subsequent lienors, Getler and Kelley and Water-
bury.   The defendant owners procured the lien to be discharged,

and an undertaking was given thereon, as required by law, by the Union Surety & Guaranty Company, and such company was therefore made a party defendant in the action. The amount due to the plaintiff, for which he filed his lien, was undisputed, and the amount for which the defendant Getler filed his lien was proved, so that, as to those two lienors, they became entitled to a decree of foreclosure of their liens, and for a personal judgment against the owner and surety company, unless they be defeated therein by virtue of other considerations.

It is claimed by the appellants that such claims are so defeated for the reason that the right to a judgment of foreclosure and sale and for the deficiency judgment depends upon the fact of the right of Kelley and Waterbury to maintain their right to a lien. We do not think that such result necessarily follows. The trial court found, and, as we think, upon sufficient evidence for that purpose, that there was a substantial performance by Kelley and Waterbury of their contract, and that the defendant owner was guilty of a breach of the contract. Under such circumstances, the defendant owner became liable for the payment of the claims of the material men, if there remained due and unpaid sufficient of the contract price to discharge such claim; and this would be so even though there were a breach of contract upon the part of Kelley and Waterbury, and the defendant owner had gone on and completed the building, if, under such circumstances, there remained a sufficient part of the contract price undisposed of to pay the same, deducting therefrom the cost of completion of the contract. Mack v. Colleran, 136 N. Y. 617, 32 N. E. 604. In the present case the evidence tended to establish, and the court found, that the cost of performance of the contract at the time when Kelley and Waterbury elected to rescind the same was only the sum of $64, and the amount due and unpaid thereon was more than sufficient to discharge the lien of Person and Getler. Consequently these parties are clearly entitled to the judgment which has been rendered in their favor, even though Kelley and Waterbury ought to have been defeated in the claim which they made. It follows, therefore, that, so far as Person and Getler are concerned, the decree and judgment should be affirmed.

The rights of Kelley and Waterbury rest upon different considerations. By the answer which they interposed, and which is to be treated as the complaint, as between the owner and surety and themselves, so far as is material, there is set up the contract to do the plastering work and furnish the material at an agreed price of $10,164. It then avers that they proceeded with the work and furnished the materials as provided by the contract, and that there was due and owing to them, over and above all payments made, the sum of $2,070.75, and that they also performed extra work to the value of $200.25, for which they have not been paid. They further aver that they did not perform all the work and labor or furnish all of the material for the completion of the contract for the reason that the owner failed and neglected to perform his part of the contract, by refusing to pay in accordance with its terms; that they then elected to, and did, rescind such contract; filed their lien for the unpaid

balance and the extra work and services; and asked judgment for the foreclosure of their lien, and a personal judgment for any deficiency. The answer of the defendant Stoll and the surety company put in issue these allegations of the answer.

As we have before observed, the court found, upon sufficient evidence to sustain the findings, that Stoll and Waterbury substantially performed their contract according to its terms, and, in order to complete the same, the owner was only required to expend therefor the sum of $64. It is evident from the averments contained in the answer of Kelley and Waterbury that the contract price no longer furnished the measure of the sum which they were entitled to recover as against the defendant owner and the surety company. When they elected to rescind their contract, they were remitted in their right to recover on the basis of a quantum meruit for the reasonable value of the work done and the materials furnished. Fox v. Davidson, 36 App. Div. 159, 55 N. Y. Supp. 524. It was within their right to perform the contract, and then bring their action to recover the contract price. Wharton & Co. v. Winch, 140 N. Y. 287, 35 N. E. 589. They cannot now, however, avail themselves of this rule, as they elected to rescind, and therefore became relegated, as matter of strict right, to alone recover upon the basis of a quantum meruit.

It is the claim of the appellant (and such contention is supported by the facts appearing in the record) that there was no evidence which proved, or tended to prove, aside from the contract, what was the reasonable value of the work, labor, and services, and materials furnished, which were done by Kelley and Waterbury. The course which the trial took upon this subject was somewhat novel. Kelley and Waterbury, to make out their case, proved the contract in which the contract price appeared, and the installments to be paid as the work progressed. They then proceeded to prove the amount and number of payments falling due; the failure of the defendant owner to make payment as the contract required; the sums paid under the terms of the contract; the notes given in part payment by the defendant owner; and the amount received upon such notes; and taking all of the payments together, and the amount realized upon the notes, and deducting the aggregate sum from the contract price agreed to be paid, they claim to have arrived at the amount represented by their lien, and thereby established the sum for which they were entitled to a decree of foreclosure, and for the deficiency judgment. The claim for extra work is excluded in this case, as the court disallowed such claim; and properly so, we think. In any event, no appeal has been taken which involves such question. It is needless, therefore, to consider it. The court, in arriving at its conclusion, adopted these figures, deducted therefrom the sum of $64, and awarded the decree and judgment for the balance. It is evident, therefore, that this proceeding did not conform with the requirements of the law governing such subject. Although the appellant calls our attention to this error, and makes it the basis upon which he asks for a reversal, it is clearly evident that he is in no position to take advantage of it. During the whole course

of the trial there was not a suggestion upon the part of the defendant owner or the surety company that such evidence did not measure correctly the sums which the contractors were entitled to recover, nor was it hinted that the proof was improper in establishment of the contractor's claim. They must be held, therefore, to have acquiesced in the measure of damages which the proof tended to establish, and the competency of the testimony adduced in its support. It is well settled that parties may, either by express stipulation or otherwise, agree upon a rule of damages to be applied in a particular case; and, where proof is received and the trial conducted with respect to an erroneous rule, the parties will be held to have acquiesced in its adoption, and thereby it becomes the law of the case. Lahr v. Railway Co., 104 N. Y. 268, 10 N. E. 528. Consequently the defendant owner is estopped from insisting upon what might have been erroneous testimony in the establishment of the contractor's cause of action and his right of recovery. A motion was made to dismiss as to Kelley and Waterbury at the close of their proof, but the question now sought to be raised was not suggested. At the close of the case the motion to dismiss was renewed upon the same ground, and it was then suggested that substantial performance of the contract had not been pleaded, which was their proper plea, and that they had failed to prove a case, or show right to recover. The court remarked that no evidence had been offered of the value of the work done, but he denied their motion. Parties will not be permitted to lie by, and try a case upon an erroneous theory, without suggesting that any error is being committed, or raise such question by proper objection, and then, after the case has been entirely tried, attempt to avoid the result by a dismissal of the complaint. It is clearly evident in this case that the proof offered and the damages proved were arrived at in such form and manner as permitted of administering equal justice to both parties. Had the contractors continued with the performance of their contract, they would have been entitled to recover the contract price, less payments made and the cost of its completion. The payments in this case were all deducted by the court, as was, also, the cost of completion of the contract; and the difference was the sum, under the rule adopted, to which the contractors became entitled, and for which they have been awarded judgment. No injustice could possibly arise to either party hereto out of the application of such a rule. The defendant having acquiesced in the proof throughout the whole trial, it became the duty of the court to amend the complaint so as to conform to the proof, and this is, in effect, what was done; and, for the purpose of supporting the judgment, this court will now do what ought to have been done in this respect upon the trial.

There is a further claim that the contractors at no time procured any architect's certificate, for which the contract provided. The proof was abundant, however, to show that all of the parties waived performance in this respect, and the court has so found.

The judgment should therefore be affirmed, with costs to the plaintiff and to the defendants Getler and Kelley and Waterbury. All concur.