CATHERINE MOORE, Respondent, *v.* JOSEPH TAYLOR, Appellant.

*Costs — reversal of a justice's judgment for error of law — the production of a constable's return on the return day is essential to jurisdiction — an adjournment on plaintiff's application for more than eight days deprives the justice of jurisdiction.*

Where the County Court reverses a judgment of a justice of the peace for an error of law the appellant is entitled under subdivision 4 of section 3066 of the Code of Civil Procedure to costs.

The production before a justice of the peace, on the return day of a summons issued by him, of the constable's return of service, is essential under section 2885 of the Code of Civil Procedure to the jurisdiction of the justice, and if, without such return being produced before him, he grants an adjournment of the case, the error is one of law requiring the reversal of a judgment subsequently rendered by him in the action.

An adjournment of more than eight days, granted by the justice on the plaintiff's application, upon the return day of the summons, is, under sections 2959 and 2969 of the Code of Civil Procedure, unauthorized and operates to deprive the justice of jurisdiction.

APPEAL by the defendant, Joseph Taylor, from that portion of a judgment of the County Court of Suffolk county, entered in the office of the clerk of the county of Suffolk on the 2d day of January, 1903, upon an order of said County Court bearing date the 7th day of April, 1902, and entered in said clerk's office, reversing a judgment of a justice of the peace in favor of the plaintiff, as determines that the entry of judgment by said justice was an error in fact and denies costs to the defendant.

*Harri M. Howell,* for the appellant.

*George F. Stackpole,* for the respondent.

HOOKER, J.:

The County Court of Suffolk county reversed the judgment of the justice of the peace, and the defendant appeals from that portion thereof which denied costs upon the reversal. The court below erred, we think, in holding that the error of the justice requiring the reversal was one of fact. Had the error been of that character, under section 3066, subdivision 2, of the Code of Civil Procedure, the costs were in its discretion, but the error was one of law, and under subdivision 4 of that section the appellant was entitled to his costs of appeal.

The summons was seasonably served and was returnable on the 14th of June, 1901. The defendant not appearing on that day, and it being inconvenient for the plaintiff to proceed to prove her case, an adjournment was had until the 28th day of June, 1901.

In order to give the justice jurisdiction of the person of the defendant, it was necessary for the return of the constable to be produced before any further step could be taken by the justice. The fair inference to be drawn from the return on the appeal and the admission of the counsel for the respondent in his brief is that the return of the constable was not before the justice at the time of the adjournment by him on the application of the plaintiff, but that it was handed to the justice after the adjournment on the 14th of June, 1901. The justice was without jurisdiction in the absence of a return to him by the constable. Section 2885 of the Code of Civil Procedure provides in part as follows: "A constable, who serves a summons, must, at or before the time when the same is returnable, make and deliver to the justice a written return thereof, under his hand, stating the time when, and the manner in which, he served it." This presented an error of law requiring a reversal of the judgment of the justice, with costs.

Another and equally serious error was committed by the justice in adjourning the case for longer than eight days on plaintiff's application. Section 2959 of the Code of Civil Procedure provides that at the time of the return of the summons the justice may in his discretion and upon his own motion adjourn the trial of the action not more than eight days, and the following section provides that at the time of the return of the summons the justice must upon

the application of the plaintiff adjourn for not more than eight days to a time fixed by the justice.

These are the only provisions of the statute which permit an adjournment in Justices' Courts upon the return day in the absence of appearance on the part of the defendant. The record clearly shows that the adjournment as made was unauthorized and the justice divested himself of jurisdiction and was without power to render a judgment on the twenty-eighth of June. This was error in law, and the appellant was entitled to a reversal by the County Court, with costs.

That portion of the judgment of the County Court appealed from must, therefore, be modified, with costs in the County Court, and with costs of this appeal to the appellant.

GOODRICH, P. J., BARTLETT, WOODWARD and JENKS, JJ concurred.

Judgment of the County Court of Suffolk county modified in accordance with the opinion of HOOKER, J., and as modified affirmed, with costs in the County Court and with costs of this appeal to the appellant.