DONNELLY v. McARDLE.

(Supreme Court, Appellate Division, First Department.  October 18, 1912.)

1. PARTNERSHIP (§ 336*)—ACCOUNTING—SETTING ASIDE OF BILL OF SALE—EVIDENCE.

Where, in a suit between partners for the dissolution of the firm and for an accounting, and to set aside a bill of sale by plaintiff to the defendant of plaintiff's interest in the firm, plaintiff testified that defendant had informed him that the bill of sale had been destroyed and that it was simply a protection, and there was evidence of the conduct of the parties and of their language, indicating that there was never any consideration for the bill of sale, and that it was given to protect the defendant in case the firm was insolvent on the day of its date, and that, when it was found that the firm was not insolvent, it was treated by both parties as of no effect, a finding that the bill of sale was annulled by the parties was justified, and an interlocutory judgment entered in accordance therewith was proper.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 797; Dec. Dig. § 336.*]

2. REFERENCE (§ 99*)—REPORT OF REFEREE—POWER OF COURT.

The court is not bound by the report of a referee to take evidence, state an account, and report the same to the court; but it may refuse to confirm, or confirm in whole or in part, or it may send back the report to the referee, to make further findings, or to correct those already made.

[Ed. Note.—For other cases, see Reference, Cent. Dig. §§ 148–156; Dec. Dig. § 99.*]

3. PARTNERSHIP (§ 343*)—DISSOLUTION—ACCOUNTING—OBJECTIONS.

Where a partner, suing for a dissolution of the firm and an accounting, made no objection to an item in defendant's account wherein he credited himself with an amount, and offered no evidence to show that the amount was improperly paid, the account could not be surcharged with the same.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 811; Dec. Dig. § 343.*]

Appeal from Special Term, New York County.

Action by Michael Donnelly against Patrick J. McArdle.  From a final and interlocutory judgment for plaintiff, and from an order in so far as it overruled defendant's exceptions to the report of a referee, defendant appeals.  Interlocutory judgment affirmed, and order confirming referee's report reversed in part, and final judgment modified and affirmed.

See, also, 14 App. Div. 218, 43 N. Y. Supp. 560; 86 App. Div. 33, 83 N. Y. Supp. 193; 120 App. Div. 871, 105 N. Y. Supp. 331.

Argued before INGRAHAM, P. J., and SCOTT, McLAUGHLIN, MILLER, and DOWLING, JJ.

Andrew J. Nellis, of Albany, for appellant.
Joseph F. Daly, of New York City, for respondent.

McLAUGHLIN, J.  Action between partners to have an instrument purporting to be a bill of sale given by the plaintiff to the defendant of his interest in the partnership assets set aside and for the dissolution of the partnership and an accounting.  The partnership was formed in April, 1887, for the purpose of dealing in

scrap iron, and on November 7, 1889, the instrument referred to was executed and delivered, but the firm was thereafter continued until March 18, 1891, when the defendant forcibly took possession of all of the assets and thereafter carried on the business to the exclusion of the plaintiff.

The action was commenced March 21, 1891, and there have been four trials. The first resulted in a judgment dismissing the complaint, and the order, which was subsequently made, vacating the judgment and granting a new trial, was affirmed on appeal. 14 App. Div. 218, 43 N. Y. Supp. 560. The second and third trials each resulted in a judgment dismissing the complaint. On appeal, these judgments were reversed, and new trials ordered. 86 App. Div. 33, 83 N. Y. Supp. 193; 120 App. Div. 871, 105 N. Y. Supp. 331. The fourth trial resulted in an interlocutory judgment adjudging and decreeing that the instrument referred to, purporting to be a bill of sale, was of no effect, since the same was given by the plaintiff and accepted by the defendant—

"solely for the purpose of security to the defendant against loss by him in the said copartnership in case the said firm should be found to be insolvent at the date of said instrument, and the said firm being solvent at said date, and the said instrument having been canceled, annulled, and held of no effect by the plaintiff and defendant."

The interlocutory judgment directed an accounting between the partners, before a referee appointed for that purpose, and awarded the plaintiff a judgment against defendant for such sums as should be found due upon the accounting, together with the costs and disbursements of the action, and an extra allowance of 5 per cent. upon the amount found due. The referee, after protracted hearings, stated the account between the parties, and made a report thereof to the court, to which both parties filed exceptions. Those of the plaintiff, however, were subsequently withdrawn, and a motion made by him to confirm the report, and for final judgment. While this motion was pending, the defendant moved for a new hearing upon the accounting, and principally as to certain specified items. Both motions were heard together, and resulted in an order denying defendant's motion, overruling his exceptions to the referee's report, granting plaintiff's motion to confirm the report, and granting a final judgment in favor of the plaintiff against the defendant, amounting, with costs and disbursements, and an additional allowance, to $46,992.70. The defendant appeals from both the final and interlocutory judgment, and also from the order confirming the referee's report, in so far as it overruled his exceptions thereto.

The questions to be determined upon the appeal are limited, by stipulation of defendant: (1) As to the interlocutory judgment, whether the instrument purporting to be a bill of sale were intended by the parties as collateral security only, and of no effect, and was, subsequent to its date, canceled, annulled, and held to be of no effect by both the plaintiff and defendant; and (2) as to the final judgment, and the conclusions of the referee upon

which the judgment is based, as to whether the firm made certain payments for which defendant had not accounted: (a) Butler & Co., $500; (b) Van Tassel, $500; (c) Higgins & Co., $100; (d) Manhattan Railway Company, $850; (e) an error in calculation, $195.17; (f) error in defendant's not charging himself with certain items, aggregating $3,800.35; (g) in crediting plaintiff $12 a week for 174 weeks, amounting to $2,088; (h) requiring defendant to account for profits on Washburn & Moen Company contract, amounting to $33,748; and (i) certain other items, aggregating $2,289.01, purchases made.

It would seem, in view of the time this action has been pending, the number of trials had, and appeals taken, that there should be an end to the litigation. The amendment to section 1317 of the Code of Civil Procedure, which took effect September 1, 1912 (Laws 1912, c. 380), provides that after hearing an appeal the court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties. Having in mind this amendment, I have very carefully considered the voluminous record, and have reached the conclusion that the court at Special Term, with a few exceptions, was correct in confirming the referee's report and granting the final judgment.

[1] Upon the argument of the appeal, as well as in the brief presented by the appellant's counsel, much stress was laid upon the fact that the ninth finding of fact in the decision, upon which the interlocutory judgment was entered, to the effect that the bill of sale was, subsequent to its date, canceled, annulled, and held to be of no effect, was unsupported by any evidence in the record. There is evidence sufficient to support this finding. The plaintiff testified, referring to this instrument, that the defendant told him it had been destroyed; that it had been "done away with long ago * * *"; that he "did not consider that; it was simply a protection." There is also other evidence, especially the conduct of the parties themselves, what they said and did, and their method of doing business, which indicates that there never was any consideration for the bill of sale, that it was given for the purpose of protecting the defendant in case the firm were insolvent on the day of its date, and, when it was found the firm was not insolvent, it was treated by both parties as of no effect.

[2] Stress was also laid upon the fact that the referee made conflicting findings as to certain items, especially profits received by the firm, for which defendant was held liable to account, from the sale of scrap iron to Washburn & Moen Company, of Worcester, Mass. It is true conflicting findings were made as to this item; but it must be borne in mind the reference was not to hear and determine, but simply to take the evidence, state the account, and report the same to the court. When the referee's report was presented, the court was not bound by the findings. It could refuse to confirm, or confirm in whole or in part. It is quite apparent that the finding that profits were not made on the Washburn & Moen contract was by inadvertence. This not only clearly appears from the evidence bearing on that subject,

but also from the certificate of the referee to that effect. The report could have been sent back to the referee to make further findings, or to correct those already made. It seems that an effort was about to be made by the plaintiff in that direction, when an arrangement was made by which the certificate of the referee was to be received instead. The certificate of the referee was received, and is printed in the record. There is sufficient evidence to support the finding that the sales made to Washburn & Moen Company were partnership transactions, and that the referee reached a correct conclusion as to the amount of profits derived therefrom.

I also am of the opinion that the referee correctly surcharged defendant's account with $195.17, due to a miscalculation, and also with $2,088 on account of plaintiff's failure to draw from the firm $2 a day for expenses, as he had a right to do under the partnership agreement.

The item of $3,800.35 was properly disallowed. There is not a particle of evidence to justify it, and substantially all defendant could say with reference to it was that "it was by adjustment."

There were, however, four items, aggregating $1,950, with which it seems to me the referee improperly surcharged defendant's account. They were for payments made by the firm prior to March 18, 1891, on account of purchases made by the firm, viz., $500 to Butler & Co., $500 to Van Tassel, $100 to Higgins & Co., and $850 to the Manhattan Railway Company. None of these items were included in the objections filed by the plaintiff to the defendant's account, nor was any claim there made that his account should be surcharged with the same, or any of them. The evidence of plaintiff bearing upon these items is so unsatisfactory and unreliable as to preclude a finding that defendant's account should be surcharged with them.

[3] As to the remaining item, $2,289.01, the defendant, in the account filed by him, credited himself with this amount. It is made up of six other items, which were payments made after April 14, 1891, for goods purchased by the firm prior to that time. The firm was liable for the payments made. It seems the referee disallowed this item, on the theory that the payments were for materials which were not included in those for which defendant accounted. It is impossible to tell from the record whether the material thus purchased is included in defendant's account or not; but the plaintiff made no objection on this ground to defendant's account, nor did he then claim that the payments were improperly made. He offered no evidence to show that they were improperly paid, and, having made no objection to the item, or offered any evidence with reference to it, the defendant's account should not have been surcharged with the same.

The total amount of the credits which the referee erroneously refused to allow the defendant, and the surcharges which he erroneously made against his account, amounted to $4,239.01. That amount was improperly included in the sum found to be due from defendant to the firm. Plaintiff was awarded one-half of it, or $2,119.50, which, with the interest awarded thereon by the referee, amounted to $4,-671.73, and, with the further interest on that aggregate awarded by the final judgment, amounted to $4,846.92.

My conclusion, therefore, is that the interlocutory judgment should be affirmed, the order confirming the referee's report reversed, to the extent of sustaining defendant's exceptions to the items herein allowed him, and the final judgment modified, by deducting from the amount awarded to the plaintiff the sum of $4,846.92, including the extra allowance of costs on such sum, and, as thus modified, affirmed, without costs to either party on this appeal. All concur.