### BROWN et al. v. EPSTEIN.

(Supreme Court, Appellate Division, Second Department.　January 29, 1915.)

JUDGMENT (§ 568*)—RES JUDICATA—MECHANIC'S LIEN—ENFORCEMENT—DENIAL—ACTION ON CLAIM.

Where plaintiffs and their assignors were mechanic's lien claimants and were made parties to a prior suit by a third party to foreclose a mechanic's lien on the property improved, and all the parties appeared, and the present defendant and the owners made answer, which was duly served on the present plaintiffs and their assignors as defendants in that action, whereby the validity of their claim was challenged, and payment for all work done, which was the subject-matter of the claim, was pleaded, and a determination of all the relative rights prayed for, a judgment that the present plaintiffs were not entitled to a lien, though procured by default, was a bar to plaintiffs' subsequent action to recover on the claim, the validity of which might have been litigated in the previous action, as provided by Lien Law (Consol. Laws, c. 33) §§ 43, 45.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1013; Dec. Dig. § 568.*]

Appeal from Trial Term, Kings County.

Action by Harry Brown and another against Abraham Epstein. From a judgment dismissing the complaint on the merits, plaintiffs appeal. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

Horace London, of New York City, for appellants.
Abraham Stern, of New York City, for respondent.

JENKS, P. J. We think that the court at Trial Term properly dismissed the plaintiffs upon the defendant's plea of res adjudicata. In an earlier action, brought by a third party to foreclose a mechanic's lien upon real property, the present plaintiffs and their assignors were made parties because their assignors theretofore had filed a lien, and the defendant was made a party because he was an owner of the realty affected. All of said parties appeared, and this present defendant and the other owners made answer, which was duly served upon the present plaintiffs and their said assignors as defendants in that action, whereby the validity of their claim was challenged and payment for all work done, that was the subject-matter of that claim, was pleaded, and a determination of all the relative rights thereunder

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was prayed for. The said defendants defaulted, and the Supreme Court made its conclusion of law that the present defendant and his fellow owners were entitled to judgment that the present plaintiffs and their assignors had no lien nor claim against the premises and no claim against the defendants. The judgment entered thereon is now in full force and effect.

The present action is brought to recover upon the same claim. The claim could have been litigated in the former action. Sections 45 and 43, Lien Law. That is:

"The parties might have litigated and had decided as incident to, or essentially connected with, the subject-matter of the litigation within the purview of the original action, either as matter of claim or defense." Earle v. Earle, 173 N. Y. 480–487, 66 N. E. 398, 400, and authorities cited; Nat. Fire Ins. Co. v. Hughes, 189 N. Y. 84–89, 81 N. E. 562, 12 L. R. A. (N. S.) 907.

I think that the bar of res adjudicata was raised by the judgment. Phillips on Mechanic's Liens on Real Property (3d Ed.) § 455; Hardwick v. Royal Food Co., 78 Hun, 52, 28 N. Y. Supp. 1086. The form of the present action does not affect the validity of the adjudication. Maeder v. Wexler, 98 App. Div. 68, 90 N. Y. Supp. 598, affirmed 182 N. Y. 519, 74 N. E. 1120; Castle v. Noyes, 14 N. Y. 329. The application of the principle of res adjudicata is not affected by the circumstance that plaintiff's assignors were subcontractors. If it be contended that normally their right depended upon their own contractor, the answer is that this is not necessarily so (Person v. Stoll, 72 App. Div. 141, 76 N. Y. Supp. 324, affirmed on opinion 174 N. Y. 548, 67 N. E. 1089), and moreover that the subcontractors might have established the personal liability of the defendant in the said foreclosure action by proving therein their employment by the defendant or his promise to pay them, alleged in the present action (Gilmour v. Colcord, 183 N. Y. 342, 76 N. E. 273; Mitchell v. Dunmore Realty Co., 135 App. Div. 583, 120 N. Y. Supp. 771). See, too, Abbott v. Easton, 195 N. Y. 372, 88 N. E. 572. As their lien was filed on December 7, 1906, and the said foreclosure action was begun in 1907, and the lien stated that the last item of work was performed and the last item of materials was furnished both in November, 1906, it is clear enough that the said direct employment had been given and the said promise had been made (if at all) before the institution of the said foreclosure action. The notice of lien may be considered, if necessary, to sustain this judgment. Dunham v. Townshend, 118 N. Y. 281–288, 23 N. E. 367; Dunford v. Weaver, 84 N. Y. 445–451; Stemmler v. Mayor, etc., of New York, 179 N. Y. 473, 72 N. E. 581. It is immaterial that this defendant secured the judgment in the foreclosure action upon default. Newton v. Hook, 48 N. Y. 676; Goebel v. Iffla, 111 N. Y. 170, 18 N. E. 649; Ostrander v. Hart, 130 N. Y. 406, 29 N. E. 744.

The judgment is affirmed, with costs. All concur.