CHARLES A. HAIGHT, Respondent, *v.* HORTON S. POTTER, Appellant.

Third Department, June 30, 1919.

**Justice of the peace — jurisdiction to render judgment — absence of constable's return of proof of service of verified complaint — voluntary filing of amended return insufficient to cure error.**

A Justice's Court acquires jurisdiction to render a judgment not alone by the service of a summons, but only when, after such service, a proper return thereof has been made.

A justice of the peace acquires no jurisdiction to proceed to judgment without proof of the service of a verified complaint.

Hence, a justice has no jurisdiction to render a judgment for a sum of money in favor of a plaintiff against a defaulting defendant where he has not before him a constable's return or other proof showing the service of a verified complaint and has not received proof of the plaintiff's case.

An amended return voluntarily filed by the justice of the peace with the County Court, after an appeal thereto, together with an affidavit of a constable to the effect that he had served a complaint with the summons, no application having been made to the County Court to permit the filing of such papers, did not cure the error of the justice in rendering a judgment under the circumstances aforesaid.

JOHN M. KELLOGG, P. J., dissented, with memorandum.

APPEAL by the defendant, Horton S. Potter, from a judgment of the County Court of Schenectady county, entered in the office of the clerk of said county on the 3d day of March, 1916, affirming a judgment of the Justice's Court, town of Glenville, Schenectady county, and also from an order affirming said judgment which order was entered in said clerk's office on the same day.

*J. Franklin Kilmer* [*William Rooney* of counsel], for the appellant.

*George H. Smith,* for the respondent.

H. T. KELLOGG, J.:

In this action a Justice's Court rendered a judgment for a sum of money in favor of a plaintiff against a defaulting defendant, not having before it a constable's return or other

proof showing the service of a verified complaint, without receiving proof of the plaintiff's case, and, therefore, without complying with the provisions of section 2891 of the Code of Civil Procedure. A Justice's Court acquires jurisdiction to render a judgment not alone by the service of a summons, but only when, after such service, a proper return thereof has been made by a constable to the justice. (Code Civ. Proc. § 2885; *Manning* v. *Johnson*, 7 Barb. 457; *Sherwood* v. *Saratoga & Washington R. R. Co.*, 15 id. 650; *Syracuse Molding Co.* v. *Squires*, 61 Hun, 48; *Moore* v. *Taylor*, 88 App. Div. 4.) By a parity of reasoning he acquires no jurisdiction to proceed to judgment without proof of the service of a verified complaint. (Code Civ. Proc. § 2891.) This was held in *International Seed Company* v. *Hartmann* (65 App. Div. 478), where the court, writing through WILLARD BARTLETT, J., said: " The constable's certificate of service relates solely to the summons, and contains no statement whatever in reference to the complaint. Upon appeal to the County Court the judgment in favor of the plaintiff was reversed on the ground that the justice was without jurisdiction to render judgment upon the verified complaint in the absence of due proof by the constable's certificate or otherwise that such complaint had been served upon the defendant. I have no doubt that the decision of the county judge is right." It follows that in the case at bar the justice originally had no right to render judgment in favor of the plaintiff.

It remains to be inquired whether subsequent proceedings have cured the error of the justice. The defendant, who appeared specially, served a notice of appeal from the judgment to the County Court. Eleven days thereafter, in compliance with section 3053 of the Code of Civil Procedure, the justice made a return of his proceedings to that court. The return disclosed no proof that a verified complaint had ever been served. Thereafter the justice, without application made to him, voluntarily filed with the County Court a so-called amended return, by which he returned an affidavit of a constable to the effect that he had served a complaint with the summons. This affidavit was dated more than seventy-five days after the original return had been made. No application was made to the County Court to permit the so-called

amended return, or the affidavit of the constable to be filed with it. No application was made to the justice to permit the filing of the affidavit with the original records of his proceedings. No application was made to the County Court to remand the case to the justice for the return of any proof of service filed with him after the judgment was rendered. Clearly an affidavit cannot be added to the papers upon which a judgment is founded, after its rendition, without application of some kind to that end made to some court, so that opportunity to oppose might be given. It has been held that a justice has no right voluntarily to file an amended return. (*Zabriskie* v. *Wilder*, 14 Abb. N. C. 325.) No proper proceedings having been taken to amend the original proceedings, it follows that the original judgment cannot stand, and that the judgment of the County Court affirming the judgment of the Justice's Court should be reversed.

The judgment of the County Court affirming the judgment of the Justice's Court and the judgment of the Justice's Court are reversed, with costs.

All concurred, except John M. Kellogg, P. J., dissenting, with a memorandum.

John M. Kellogg, P. J. (dissenting):

The constable's return before the justice at the time he entered judgment showed proper service of the summons. He, therefore, had complete jurisdiction of the case. If any mistake was made, it was not with reference to the jurisdiction of the court to hear the case and enter judgment, but in the entry of judgment upon the complaint under sections 2936 and 2988 of the Code of Civil Procedure, without evidence. The error of the justice, if any, was in assuming that a return of personal service of the summons carried with it the conclusion that the complaint, which by section 2936 was required to be attached to it, and which was attached to it, was also served, or more probably in his failure to observe the form of the return.

If a copy of the complaint was not served, the justice entered an erroneous judgment; if served the judgment is safe. On the return day the summons and complaint were

before the justice. The defendant appeared specially and raised the objection that the complaint was returnable on a Saturday half-holiday. Having raised that objection only, and knowing that a verified complaint was issued with and attached to the summons, there is good ground for holding that he must be limited thereafter to the objection which he raised. But it is unnecessary to consider that question.

As we have seen, the only error, if one existed, was in entering judgment without the proof of the claim. But the judgment was justified by sections 2936 and 2988, referred to, if the complaint attached to the summons was served with the summons. As matter of fact it was so served. The question here is purely technical and arises solely from the form of the return of the constable. After the decision of the justice the constable filed an affidavit with him showing proper service of the summons and complaint, and the justice, having made his return, made an amended or supplemental return transmitting to the County Court in which the appeal was pending the affidavit showing that the defendant had no grievance, as in fact the complaint had been served. A reversal of a just judgment for such an alleged technical error is a sacrifice of substance to form and in violation of the spirit of section 1317 of the Code of Civil Procedure which requires the appellate court to render judgment according to the real justice of the case, without regard to technical errors or defects which do not affect the substantial rights of the parties. (*Donnelly* v. *McArdle*, 152 App. Div. 805.) The summons and complaint were required to be attached and it is assumed the justice performed his duty. The constable is also presumed to have done his duty in serving the paper which contained the summons and complaint. The defendant's attorney was present before the justice and evidently knew of the service of the summons and complaint. The affidavit of the constable, produced in the County Court, shows that proper service was made, and that fact is not denied. The County Court, with knowledge of all these facts, could not reverse the judgment upon the theory that the complaint had not been served. The papers before it showed to the contrary. An appellate court, in the interest of justice and in order to sustain a just judgment, will receive in evidence

for the first time a certificate or document for the purpose of showing that all proceedings were regular, that an apparent defect does not exist and that justice has been done. It even has received oral evidence for that purpose when justice required. It will not enter upon the trial of a new and disputed issue but the fact to be proved to the appellate court must be of a nature which does not fairly, as the case then shows, admit of dispute. (*People* v. *Flack*, 216 N. Y. 123; *Brooks* v. *Higby*, 11 Hun, 235; *Dunford* v. *Weaver*, 84 N. Y. 445; *Brown* v. *Epstein*, 166 App. Div. 611, 613.)

I concur with the county judge in the conclusion that section 2877 of the Code, read with section 24 of the General Construction Law, does not preclude the return of a summons upon a half-holiday. The statute recognizes a holiday and a half-holiday and the prohibition of the return of the summons is only as to a holiday. I favor an affirmance.

Judgment of the County Court and Justice's Court reversed, with costs.