INTERNATIONAL SEED COMPANY, Appellant, *v.* JOSEPH HARTMANN, Respondent.

*Justice's Court — judgment by default — proof of the cause of action — a demurrer to the complaint is not an admission that a verified complaint was served on the defendant.*

The fact that a demurrer to a complaint in a Justice's Court was interposed by the defendant's attorney does not operate as an admission of the service of a verified complaint upon the defendant and give the court power on rendering a judgment on the defendant's default to dispense with common-law proof of the cause of action.

APPEAL by the plaintiff, the International Seed Company, from a judgment of the County Court of Nassau county in favor of the defendant, entered in the office of the clerk of the county of Nassau on the 29th day of January, 1901, reversing, upon an appeal, a

judgment in favor of the plaintiff rendered by a justice of the peace of the county of Nassau.

*Henry P. Keith* [*John W. Demarest* with him on the brief], for the appellant.

*Lincoln B. Haskin,* for the respondent.

WILLARD BARTLETT, J. :

An act of the Legislature, passed in 1881 and amended in 1889, provides that in certain classes of cases, triable in courts of justices of the peace, the plaintiff may have judgment upon proof of service of the summons and a verified complaint. (Laws of 1881, chap. 414, as amd. by Laws of 1889, chap. 472.) Under such circumstances a verified complaint is allowed to take the place of oral or documentary common-law proof, and the allegations of the complaint are deemed to be admitted.

The provisions of the statute which it is necessary to consider upon the present appeal are as follows :

" Said summons and complaint shall be attached and shall be served upon the defendant by delivering to and leaving with him, personally, true copies thereof, not less than six nor more than twelve days before the return day thereof, and the official certificate of the constable making such service shall be sufficient evidence thereof."    (§ 1.)

" In case the defendant fails to answer said complaint, as hereinbefore provided, at the time of the return of said summons, he shall be deemed to have admitted the allegations of the complaint as true, and the court shall, upon filing the summons and complaint, with due proof of the service thereof, enter judgment for the said plaintiff and against the defendant, for the amount demanded in such complaint, with costs, without further proof."    (§ 4.)

The case at bar belongs to the class of actions to which the statute applies, and in the Justice's Court the plaintiff was allowed to take judgment upon the theory that it furnished due proof of the service of a verified complaint.   Such proof, however, is not to be found in the justice's return.   The constable's certificate of service relates solely to the summons, and contains no statement whatever in reference to the complaint.   Upon appeal to the County Court the

judgment in favor of the plaintiff was reversed on the ground that the justice was without jurisdiction to render judgment upon the verified complaint in the absence of due proof by the constable's certificate or otherwise that such complaint had been served upon the defendant.

I have no doubt that the decision of the county judge is right, for the reasons stated by him in his opinion, unless the defendant's conduct in the litigation may be deemed an admission that the verified complaint was served upon him, so that other proof thereof may be dispensed with. A demurrer to the complaint was interposed by the defendant's attorney; and it is now contended in behalf of the appellant that this demurrer was equivalent to an admission that a verified complaint had been served by the constable upon the client.

In my opinion we ought not to give this effect to the interposition of the demurrer. The statute granting to a justice of the peace power to dispense with common-law proof as a prerequisite to the rendition of judgment should be strictly construed. The provisions which have been quoted indicate that it was the intention of the Legislature to allow judgment to be taken upon a verified complaint only when the defendant had received actual notice himself that the plaintiff had made oath to the truth of his claim. To insure such notice the statute required that the verified complaint should be served upon the party. The demurrer which was filed herein does not necessarily show that the defendant had ever seen the complaint; for, as already stated, the demurrer is signed, not by the party himself, but by his attorney. It may well have been that while the summons was served personally upon the defendant, his attorney found the complaint on file in the Justice's Court, and that no copy thereof has ever been seen by the defendant to this day.

The order of the County Court should be affirmed.

GOODRICH, P. J., WOODWARD, HIRSCHBERG and JENKS, JJ., concurred.

Judgment of the County Court of Nassau county affirmed, with costs.