ALFRED SLOAN, Respondent, v. ROBERT DICKEY, Appellant.

(County Court, Otsego County, August, 1910.)

Justices of the peace: Procedure in justices' courts — Postponement — Grounds in general;   Trial — Saving questions for review: Appeal and error — Determination and disposition of cause — Proceedings in lower court — Cannot be amended.

A defendant in justice's court, who upon the return-day of a summons, without answering, simply causes to be filed a physician's certificate that he is ill and can not attend, has no cause for complaint if the justice orders the trial to proceed.

Where, upon the return-day of a summons in an action brought upon a promissory note in justice's court, after plaintiff's attorney has testified as to the amount due, his motion for judgment upon the pleadings is granted, an objection by defendant, who did not answer, to the entry of the judgment on the ground that the evidence was insufficient, is timely and cause for reversal of the judg-

ment upon the ground that the justice had no jurisdiction, there being no proof that a verified complaint was served with the summons and plaintiff having failed to produce the note and prove its due execution and delivery.

The County Court, on appeal from the judgment, has no power to grant leave to file a certificate of the constable showing that a verified complaint was served with the summons and to amend his return accordingly.

APPEAL from a judgment of a justice's court, in favor of plaintiff.

Barnum Bros. & Cramer, for appellant.

J. A. McFarran, for respondent.

KELLOGG, J.   This is an appeal from a judgment rendered in justice's court, town of Cherry Valley, in this county, in favor of the plaintiff, for the sum of $149.86, damages, and $2.60, costs.

It appears that on the return-day the parties appeared by their respective attorneys, and, the justice having directed the trial to proceed, the plaintiff moved for judgment on the pleadings, which motion was granted, after the evidence of his attorney had been received that he had computed the interest on the note upon which the action was brought. The defendant did not answer, but caused to be filed a physician's certificate that he was ill and could not attend, and demanded an adjournment; but no oath was made in behalf of the defendant, in his absence, that he had a good defense to the action, as required by section 2961 of the Code, hence, the defendant may not be heard to complain that the justice ordered the trial to proceed.

The justice, in his return, states that the plaintiff filed a written complaint, "which is hereto annexed and marked Exhibit 3." The complaint so filed is a verified complaint. The defendant objected timely to the entry of the judgment, on the ground that the evidence was insufficient to authorize the court to enter judgment, which objection was overruled.

The contention of the defendant on this appeal is, that the justice had no jurisdiction to enter the judgment upon

the ground that there was no proof before the court that a verified complaint was served with the summons, and that the plaintiff failed to produce his note and prove its due execution and delivery.

It is provided by section 2891 of the Code of Civil Procedure: "If a defendant fails to appear and answer, the plaintiff cannot recover without proving his case, except in an action  *  *  *  commenced by the service of a summons and verified complaint, as provided in section twenty-nine hundred and thirty-six of this code."

Section 2936 of the Code makes the following provision for service of the complaint with a summons and for proof of such service: "Said summons and complaint shall be attached and shall be served upon the defendant by delivering to and leaving with him, personally, true copies thereof, not less than six nor more than twelve days before the return day of said summons; and the official certificate of the constable making such service shall be sufficient evidence thereof."

The respondent, on the argument of this appeal, after the appellant had stated his point, requests permission to file a certificate of the constable who served the summons, which shows, as a matter of fact, that with the summons was served a verified complaint, and asks that this certificate of the constable may be brought at this time, and that the original return of the constable may be amended accordingly, either by returning the same to the justice before whom the cause was tried for such purpose, or by the appellate court.

Section 721 of the Code, and subdivision 3 thereof, provides: "In a court of record, where a verdict, report, or decision has been rendered, the judgment shall not be stayed, nor shall any judgment of a court of record be impaired or affected, by reason of either of the following imperfections, omissions, defects, matters or things, in the process, pleading or other proceedings:  *  *  *  3. For an imperfect or insufficient return of a sheriff or other officer; or because an officer has not subscribed a return actually made by him."

It is provided by section 722 of the Code, that: " Each of the omissions, imperfections, defects and variances specified in the last section, and any other of like nature, not being against the right or justice of the matter, and not altering the issue between the parties, or the trial, must, when necessary, be supplied, and the proceeding amended by the court wherein the judgment is rendered, or by an appellate court."

It was held in Fulton v. Yuill, 24 Misc. Rep. 285, that section 721 of the Code has no application to courts of justices of the peace, and that there is no power in the County Court on appeal to correct errors or omissions, and that there is no power to exercise discretion for such purposes.

Westbrook, J., in Snyder v. Schram, 59 How. 404, corrected the date of service in the constable's return by adding the figure 2 just before the figure 3, so that, as corrected, it read 23d instead of 3d day of January. The learned county judge said: " The constable's return of service does not show that the summons was not served six days before it was returnable. I think it fairly shows, especially in connection with the justice's own docket before him, that it was served six days before it was returnable. I cannot see how the defendant has been prejudiced by the constable's return. I am of the opinion, also, that ample power exists for amending the constable's return and correcting the irregularity therein."

The correct rule is beyond question stated by Gray, J., in Bolhen v. Metropolitan, 31 N. Y. St. Repr. 888, in the following language: " The intention of section 723 of the Code was that courts should, in the furtherance of justice, disregard immaterial errors, defects and mistakes in the pleadings and proceedings of an action, and the only limitation imposed as to the making of corrections is, that it shall not affect the substantial rights of the adverse party."

After a careful consideration of the questions involved, I am not able to convince myself that the discretion requested is one, under the circumstances, which should be exercised. The inherent trouble is that, after the evidence

had been given as to the interest due on the note and the respondent's motion for judgment on the pleadings, the attorney for the defendant took a seasonable objection to the jurisdiction of the justice to enter judgment and pointed out to the plaintiff, in effect, the precise question raised on this appeal and the error about to be made. The failure of the plaintiff to offer the common law proof, no return of the service of a verified complaint with the summons having been made, gave the defendant the right to take an appeal to this court as a matter of law; and I am not convinced that it does not involve a substantial right. There is nothing included in the return by which it may be spelled out that a verified complaint was served with the summons; and the fact that the justice was without jurisdiction to enter the judgment raises a serious question as to whether this court has the lawful right, by either amendment or correction, to galvanize into life a judgment which was entered by the justice when he had no jurisdiction so to do.

In support of this view may be cited International Seed Co. v. Hartmann, 65 App. Div. 478; McMullin v. Mackey, 25 N. Y. St. Repr. 265.

I have, therefore, reached the conclusion that this judgment must be reversed, with costs.

Judgment reversed, with costs.