THE EMBALMERS SUPPLY COMPANY, Respondent, *v.*
FRANK H. ROWE, Appellant.*

(County Court, Cattaraugus County, June, 1917.)

*Appeal — judgment rendered by justice of the peace — defendant not served with copy of verified complaint — verification by attorney not complying with section 526 of Code of Civil Procedure.*

APPEAL from a judgment rendered by à justice of the peace in favor of plaintiff.

Lynn R. Van Vlack, for appellant.

W. Darwin Phelps, for respondent.

DOWD, J. This is an appeal from a judgment rendered by a justice of the peace on the 8th day of April, 1916, in favor of the plaintiff and against the defendant. The action was begun by the plaintiff to recover

---

*Affirmed by the Appellate Division, Fourth Department, at the September, 1917, term.—[REPR.

the purchase price of a quantity of goods alleged to have been sold by the plaintiff to the defendant.

The summons herein was issued and served personally on the defendant on the 4th day of March, 1916, as appears by the certificate of the constable. On the return day of the summons the defendant appeared "specially" and demanded that the plaintiff file security for costs. The court held that the plaintiff must give security for costs in the sum of $350, and that such security be filed with the court on or before April 8, 1916, and all proceedings be stayed until such time. As appears from the return of the justice, on the 24th day of March, 1916, a surety bond was filed on behalf of the plaintiff, and on April 8, 1916, the plaintiff appeared by its attorney. The defendant did not appear, and the justice, without taking any testimony or requiring any proof, rendered a judgment in favor of the plaintiff and against the defendant for $21.80 damages, and $2.15 costs. The justice's return recites: "Having proof of service of the summons on the defendant, I hereby render judgment," etc.

The defendant challenges the validity of this judgment upon several grounds, two of which only the court deems necessary to consider:

*First.* The defendant asserts that the justice had no authority to render judgment, for the reason that there was no proof before the justice at the time the judgment was rendered that a copy of the verified complaint had been served on the defendant. An examination of the original return of the constable as contained in the return shows that there was no proof, either by affidavit, certificate or otherwise, before the justice, at the time he rendered the judgment, that a copy of the verified complaint had been served upon the defendant. For this reason alone, the judgment must be reversed. *International Seed Co.* v. *Hartmann,* 65 App. Div. 478.

*Second.* The defendant also urges that if the jus-

tice had had before him proof of service of the summons and verified complaint upon the defendant the complaint attached to the return herein does not contain a proper verification. The verification is made, not by the plaintiff, but by Mr. Phelps, attorney of the plaintiff, and the verification does not comply with the provisions of section 526 of the Code of Civil Procedure. Section 526 of the Code of Civil Procedure provides as follows: " The affidavit of verification must be to the effect, that the pleading is true to the knowledge of the deponent except as to the matters therein stated to be alleged on information and belief, and that as to those matters he believes it to be true. Where it is made by a person, other than the party, he must set forth, in the affidavit, the grounds of his belief, as to all matters not stated upon his knowledge, and the reason why it is not made by the party."

In the affidavit attached to the complaint there is no reason set forth why the affidavit is not made by the plaintiff or some officer of the plaintiff, and there are set forth no grounds for the belief of the affiant.

Section 528 of the Code of Civil Procedure provides: " The remedy for a defective verification of a pleading is to treat the same as an unverified pleading."

The complaint in this case not having been properly verified, the justice should have treated it the same as though the pleading was unverified, and before entering judgment should have required proof of the plaintiff's claim against the defendant.

For the reasons above stated, the judgment herein is reversed.

Judgment reversed.