EDSALL W. DREW, Plaintiff, v. VERNON D. CASS, Defendant.

(County Court, Orange County, June, 1908.)

Justices of the peace — Jurisdiction — Nonresident parties — Parties nonresidents of State.

A justice of the peace has no jurisdiction of an action where neither of the parties resides in this State.

ACTION to recover for breach of warranty.

F. V. Sanford, for plaintiff.

Clifford S. Beattie, for defendant.

SEEGER, J. This action was brought to recover for breach of warranty on the sale of cows by the defendant to the plaintiff; the contract was made in the town of Warwick, in the county of Orange.

Neither of the parties, plaintiff or defendant, is a resident of the State of New York. The plaintiff is a resident of the State of New Jersey, and the defendant is a resident of the State of Pennsylvania. The summons was served in the town of Warwick. Upon the return of the summons, the defendant appeared specially and objected to the jurisdiction of the court, and for that purpose proved the nonresidence of the parties as above stated, and moved that the summons be dismissed upon the ground of the nonresidence of the

parties. The motion was denied and the defendant excepted, whereupon plaintiff made his complaint and the defendant answered. Jury trial was had and the jury rendered a verdict in favor of the plaintiff for thirty-one dollars, whereupon the justice rendered a judgment for that amount, with costs, from which judgment an appeal was taken by the defendant to this court.

It was stipulated between the parties that the question of the jurisdiction of the justice should be decided and, if decided adversely to the defendant and a new trial granted, the case should go over the term.

The single question presented to the court is whether a civil action can be maintained in a justice's court in a town in this State, where the sole plaintiff and sole defendant are both nonresidents of the State of New York.

It is provided in section 2861 of the Code of Civil Procedure that "A justice of the peace has such jurisdiction in civil actions and special proceedings as is specially conferred upon him by statute, and no other." It is provided in section 2869 of said Code that "An action must be brought before a justice of a town or city wherein one of the parties resides, or a justice of an adjoining town or city in the same county, except in one of the following cases:

" 1. Where the defendant has absconded from his residence, it may be brought before a justice of the town or city in which the defendant, or a portion of his property, is at the time of the commencement of the action.

" 2. Where the plaintiff is not a resident of the county, or if there are two or more plaintiffs when all are nonresidents thereof, it must be brought in the town where the defendant resides, or in any adjoining town thereto.

" 3. Where the defendant is a non-resident of the county, it may be brought before a justice of the town or city, in which he is at the time of the commencement of the action.

" 4. Where it is specially prescribed by law, that a particular action may be brought before a justice of the town, city, county, or district, where an offense was committed, or where property is found."

The parties to this action do not come within the general

Surrogate's Court, New York County, June, 1908.   [Vol. 60.

provision of section 2869, nor within either of the excep-
tions mentioned in the subdivisions of said section.

It seems to me quite plain, therefore, that the court has
no jurisdiction and that the judgment must be reversed, with
costs.

*Judgment accordingly.*