DREW v. CASS.

(Supreme Court, Appellate Division, Second Department.   December 30, 1908.)

1. JUSTICES OF THE PEACE (§ 40*)—JURISDICTION—NONRESIDENTS—STATUTES.
      Code Civ. Proc. § 2862, gives a justice of the peace jurisdiction of
   civil actions to recover for breach of contract, other than a promise to
   marry, where the sum claimed does not exceed $200.   Section 2863 ex-
   cepts certain actions.   Section 2869 requires an action to be brought be-
   fore a justice of the town where one of the parties resides, or in an
   adjoining town or city in the same county, except where the plaintiff
   is not a resident of the county, when it must be brought in the town
   where the defendant resides or in an adjoining town, and, where the
   defendant is a nonresident of the county, it may be brought before a
   justice of the town or city in which he is at the time of the commence-
   ment of the action.   Held, that section 2869 merely regulates and does
   not confer jurisdiction, and that a justice of the peace of the town in
   which defendant was served had jurisdiction of an action where both
   parties were nonresidents of the state.
      [Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §
   145; Dec. Dig. § 40.*]

2. CONSTITUTIONAL LAW (§§ 206, 210*) — EQUAL PROTECTION OF THE LAWS —
   NONRESIDENTS—RIGHT TO SUE.
      Under Const. U. S. Amend. 14, declaring that no state shall make or
   enforce any law abridging the privileges or immunities of citizens of the
   United States, nor shall deny to any person within its jurisdiction the
   equal protection of the laws, a statute denying nonresidents a right to
   sue in courts of the state would be invalid.
      [Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 625,
   679; Dec. Dig. §§ 206, 210.*]

Appeal from Orange County Court.

Action by Edsall W. Drew against Vernon D. Cass.   From a Coun-
ty Court judgment (60 Misc. Rep. 20, 112 N. Y. Supp. 607), reversing
a justice's judgment in favor of plaintiff, he appeals.   Reversed, and
justice's judgment affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR
and MILLER, JJ.

F. V. Sanford, for appellant.
Clifford S. Beattie, for respondent.

WOODWARD, J.   The plaintiff in this action had a judgment of
the Justice's Court of the town of Warwick, Orange county, in an
action against the defendant for a breach of warranty in the sale of
cows.   The plaintiff is a resident of the state of New Jersey, and the
defendant is a resident of the state of Pennsylvania, and upon the
appeal of the defendant to the County Court of Orange county it was
stipulated that only the question of the jurisdiction of the court should
be raised, this question having been presented to the court of original
jurisdiction by a special appearance, and decided in favor of the plain-
tiff.   The learned County Court, in an opinion, holds that the Jus-
tice's Court was without jurisdiction, on the ground of the nonresi-
dence of the parties, and the plaintiff appeals to this court.

We are of the opinion that the learned court has misapprehended
the law, and that the plaintiff is entitled to a reversal of the judgment.

The court proceeds upon the theory that jurisdiction is given by section 2869 of the Code of Civil Procedure, and that, both parties being nonresidents of the state, they do not come within the scope of the jurisdiction. But the truth is that section 2869 does not confer jurisdiction, but merely regulates it. Section 2861 provides that the justice shall have only such jurisdiction as is conferred by statute, and section 2862 gives jurisdiction by providing that:

"Except as otherwise prescribed in the next section [which has no relation to this question], a justice of the peace has jurisdiction of the following civil actions: (1) An action to recover damages upon or for a breach of a contract, express or implied, other than a promise to marry, where the sum claimed does not exceed two hundred dollars."

An action is defined by section 3333 of the Code of Civil Procedure, as used in this statute and applied to a judicial proceeding, to signify "an ordinary prosecution, in a court of justice, by a party against another party, for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense"; and the jurisdiction of an action is therefore the jurisdiction of the subject-matter and of the parties. Section 2863 excepts from the general jurisdiction of the previous section actions where the people of the state are a party, except for fines not exceeding $200; where the title to real property comes in question; where the action is to recover for an assault, and other matters of like character; where, in a matter of account, the sum total of the accounts of both parties exceeds $400; and where the action is brought against an executor or administrator as such, except where the amount of the claim is less than the sum of $50, and the claim has been duly presented and rejected. These exceptions serve to emphasize the force of the general jurisdiction of actions of the class enumerated, for it is a universal rule of construction, founded on the clearest reason, that general words in any instrument or statute are strengthened by exceptions and weakened by enumeration. Webster v. Morris, 66 Wis. 366, 28 N. W. 353, 57 Am. Rep. 278; Sharpless v. Mayor, 21 Pa. 147, 59 Am. Dec. 759; Wisconsin Central R. R. Co. v. Taylor, 52 Wis. 37, 90, 8 N. W. 833. Without further provisions regulating the jurisdiction, a justice of the peace would have jurisdiction of all actions within the enumerated class, where the parties could be found within the limits of his township, or within reach of his process, which would give rise to a great variety of abuses in connection with petty claims. To obviate this, the Legislature has provided, by section 2869 of the Code of Civil Procedure, that:

"An action must be brought before a justice of a town or city wherein one of the parties resides, or a justice of an adjoining town or city in the same county, except in one of the following cases: * * * (2) Where the plaintiff is not a resident of the county * * * it must be brought in the town where the defendant resides, or in any adjoining town thereto. (3) Where the defendant is a nonresident of the county, it may be brought before a justice of the town or city, in which he is at the time of the commencement of the action."

The language is perfectly clear and plain. If the plaintiff does not reside in the county, he must bring his action in the defendant's town,

or in an adjoining town; he cannot go to the most remote part of the county and force the defendant to come there for trial. If, on the other hand, the defendant is not a resident of the county, he may be sued in the town where he is found, no matter where the plaintiff resides. A plaintiff by coming into the jurisdiction and starting his action submits himself to the jurisdiction of the court, and the defendant, being within the jurisdiction and being served with the summons, is answerable there, where he is not a resident of the county. To hold otherwise would be to hold that a defendant residing in Sullivan, Rockland, or Putnam county, and doing business in Orange county, could not be sued in the latter county by a plaintiff residing in Ulster county, for the statute makes no mention of nonresidents of the state, but of the county. Certainly a resident of Ulster county could come into Orange county and sue on a contract in the defendant's town, or in an adjoining town; this the statute clearly provides. Why, then, might not the same plaintiff come into Orange county, where the debtor was temporarily located, and bring his action in the town where he was found? Is not this exactly what the statute does provide for? Is this not substantially the same protection which the statute gives to a resident defendant, as against a nonresident plaintiff? In the case of a nonresident plaintiff he must bring his action in the defendant's town or in the town adjoining, and this that the defendant may not have an undue advantage by reason of his local influence; while in the case of a nonresident defendant, the action may be brought in the town where he is found, it not being presumed that he has any special advantage by reason of his temporary presence there. It seems very clear to us that this is the fair and reasonable construction of the provisions of section 2869 of the Code of Civil Procedure; but if this were less obvious, we should be constrained to hold it, because of that rule which requires that all statutes shall, if possible, be construed in harmony with constitutional provisions. The fourteenth amendment of the Constitution of the United States provides that no "state shall make, or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws"; and certainly a statute which denied to nonresidents of this state a right to come into our courts for the enforcement of their contracts, made in this state, would be a denial of that equal protection of the laws which it was intended to preserve. These provisions intended, in the language of the court in Barbier v. Connolly, 113 U. S. 27, 5 Sup. Ct. 357, 28 L. Ed. 923, cited in Yick Wo v. Hopkins, 118 U. S. 356, 367, 6 Sup. Ct. 1064, 1069, 30 L. Ed. 220—

"not only that there should be no arbitrary deprivation of life or liberty, or arbitrary spoliation of property, but that equal protection and security should be given to all under like circumstances in the enjoyment of their personal and civil rights; that all persons should be equally entitled to pursue their happiness and acquire and enjoy property; that they should have like access to the courts of the country for the protection of their persons and property, the prevention and redress of wrongs, and the enforcement of con-

tracts; that no impediment should be interposed to the pursuits of any one except as applied to the same pursuits by others under like circumstances," etc.

And at page 369 of 118 U. S., page 1070 of 6 Sup. Ct. (30 L. Ed. 220), the court, in the latter case, continued:

"These provisions are universal in their application to all persons within the territorial jurisdiction, without regard to any differences of race, of color, or of nationality; and the equal protection of the laws is a pledge of the protection of equal laws. It is accordingly enacted by section 1977 of the Revised Statutes (U. S. Comp. St. 1901, p. 1259) that 'all persons within the jurisdiction of the United States shall have the same right in every state and territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. The questions we have to consider and decide in these cases, therefore, are to be treated as involving the rights of every citizen of the United States equally with those of the strangers and aliens who now invoke the jurisdiction of the court."

It thus appears that it is the right of every person, without regard to his residence, to have the courts of this state open to him upon the same conditions as they are opened to our citizens, and the construction which we have given to the statute gives it this effect. The justice's court is the one court of original jurisdiction in towns in which parties may litigate claims under $50 without being liable for costs, which would defeat the ends of justice. To close these courts to parties who may not be residents of the state for the enforcement of their contracts within this state would be to violate the federal Constitution and laws made pursuant thereto, and, in the absence of unmistakable language, the Legislature will not be presumed to have intended such a result.

We are aware that the County Courts are limited in jurisdiction to resident defendants, and, if this were the only court of original jurisdiction affording full relief, it might be open to some of the objections suggested above. But it is a court of limited jurisdiction, auxiliary to the Supreme Court, and any relief which the County Court could give can be found in the Supreme Court, with none of the limitations, so that there is a court always open to those who have claims arising under any circumstances both in law and in equity, and the fact that the County Court is not open to nonresident defendants is of no consequence in considering the question presented upon this appeal.

The judgment and order appealed from should be reversed, and the judgment of the Justice's Court should be affirmed, with costs of this appeal. All concur.