CLINTON J. COLE, Respondent, *v.* GEORGE PHELPS, Appellant.

County Court, Delaware County, March 11, 1931.

*Herbert C. Kibbe,* for the appellant.

*Vincent N. Elwood,* for the respondent.

O'CONNOR, J. This action was commenced by the service of a summons issued by D. B. Wright, justice of the peace of the town of Hancock, N. Y., and served upon the defendant George Phelps in the town of Sidney, N. Y., returnable on Saturday, November 29, 1930, at two o'clock in the afternoon. On the return day the plaintiff appeared in person and by his attorney, Vincent N. Elwood, of Hancock, N. Y.; the defendant appeared specially by his attorney, Herbert C. Kibbe, of Sidney, N. Y., and objected to the jurisdiction of the court upon the ground that the summons was returnable on Saturday afternoon, a half-holiday, and that by reason thereof the court had no jurisdiction. The objections of defendant's counsel were overruled. Defendant's attorney then stated to the court that he did not wish to appear further in the matter and withdrew from the case.

On motion of the plaintiff's attorney, the case was then adjourned until December 1, 1930, at nine o'clock in the forenoon, for the purpose of taking testimony, at which time the evidence offered by the plaintiff was received and judgment was entered in favor of the plaintiff and against the defendant for $125 damages and $4.80, making a total judgment of $129.80.

From that judgment the defendant has appealed upon questions of law. The appellant served with his notice of argument an affidavit, made by his attorney, in which he alleges that the plaintiff at the time this action was brought was not a resident of the town of Hancock, Delaware county and State of New York, but a resident of the State of Pennsylvania, and it is conceded by the plaintiff that such was the fact.

Several questions are raised by the appellant on this appeal, but I consider it necessary to consider only two.

The appellant insists that the court could acquire no jurisdiction because the summons was returnable before the justice on Saturday afternoon, which was a half-holiday. Section 24 of the General Construction Law provides that the term " holiday " includes certain days in each year which are there enumerated. Saturday is not one of those mentioned. The concluding sentence of section 24 reads as follows: " The term half-holiday includes the period from noon to midnight of each Saturday which is not a holiday." The last sentence of section 46 of the Justice Court Act reads as follows: " A summons shall not be returnable on a legal holiday." It is to be noted that this section does not provide that a summons shall not be returnable on a half-holiday. Section 24 of the General Construction Law expressly states that Saturday is not a holiday. It is, therefore, perfectly apparent that the language of section 46 of the Justice Court Act cannot be extended so as in any way to include Saturday, a half-holiday, within its meaning. The only case which has been called to my attention or which I have been able to find on this question is that of *Haight* v. *Potter* (188 App. Div. 502), where Presiding Justice John M. Kellogg, in a dissenting opinion (p. 506), makes this statement: " I concur with the county judge in the conclusion that section 2877 of the Code, read with section 24 of the General Construction Law, does not preclude the return of a summons upon a half-holiday. The statute recognizes a holiday and a half-holiday and the prohibition of the return of the summons is only as to a holiday." Appellant attempts to distinguish that case by saying that the opinion of the County Court, which was concurred in by Mr. Justice Kellogg, was based upon the decision of *Carey* v. *Reilly* (20 Misc. 611), which was decided before Saturday was designated to be a half-holiday for all purposes. I can see no force to this contention, for the language of Mr. Justice Kellogg is squarely in point. Although it is a statement in a dissenting opinion, I believe it is the true rule and I, therefore, hold that a summons in Justice's Court is properly returnable upon Saturday afternoon, which is designated by section 24 of the General Construction Law as being a half-holiday, and that a justice acquires jurisdiction of the defendant thereunder, if proper service be made thereof, and I decide against the contention of the appellant on that question.

The second question raised by the appellant is that the justice acquired no jurisdiction of the defendant because the plaintiff was not a resident of the town of Hancock, county of Delaware, State of New York, where the action was brought, but a resident of the State of Pennsylvania, and that the town of Hancock does not adjoin the town of Sidney, where defendant resides. The court

is entitled to consider and determine this question upon the affidavit submitted by the appellant under the provisions of section 455 of the Justice Court Act. Defendant is entitled to raise that question on this appeal, for, except to appear specially, he did not submit himself to the jurisdiction of the court. Section 10 of the Justice Court Act provides that an action in a Justice's Court must be brought before the justice of a town or city wherein one of the parties resides or a justice of an adjoining town or city in the same county except, where the plaintiff is not a resident of the county, it must be brought in the town where the defendant resides or in any adjoining town thereto. The plaintiff, at the time this action was commenced was not a resident of the county of Delaware and the action was not brought in the town where the defendant resided or an adjoining town thereto. Under these circumstances, it needs no argument to demonstrate that the justice in this case did not have jurisdiction of the appellant. The judgment of the justice is, therefore, reversed, with costs to the appellant against the respondent of thirty dollars on this appeal, and costs and fee paid to the justice, and the action dismissed. An order and judgment may be entered accordingly.