JOHN GAHAGAN, Plaintiff, *v.* BENJAMIN FAIRBANKS and Another, Defendants.

City Court of Binghamton, May 22, 1933.

*John D. O'Loughlin*, for the plaintiff.

*Arthur J. Ruland*, for the defendant Benjamin Fairbanks, appearing specially for the motion.

NEHLSEN, Special City Judge. The question is whether the court acquires jurisdiction of a non-resident defendant by service of process upon him in Broome county.

The plaintiff lives at Binghamton, N. Y. The defendant was served with the summons and complaint in Broome county, but his residence is at Appalachin, Tioga county. He moves for dismissal upon that ground.

The defendant must fail in his contention. It is true, as he argues, that the County Court would be without jurisdiction due to his non-residence in the county. But the limitation there is

specifically prescribed by statute (Civ. Prac. Act, § 67, subd. 3). Not so, however, with this court. Here it is necessary only that " the plaintiff or defendant, or one of the plaintiffs or one of the defendants must be, at the time of the commencement of the action, *a resident of the city of Binghamton.*" (Binghamton City Ct. Act [Laws of 1931, chap. 482], § 17, subd. 1.)

There is nothing new or startling in giving inferior courts the power to litigate against non-resident defendants who are served within the territorial limits of the court. Such jurisdiction Justice Courts have had for many years. (Justice Ct. Act, § 10; *Drew* v. *Cass,* 129 App. Div. 453; *Dale* v. *Prentice,* 126 id. 137.) It is inconceivable that the Legislature intended less in respect to this court.

The defendant need not be a resident of the county provided he is served here. To that extent the Legislature has given the City Court wider jurisdiction of the person than County Courts possess. It had the right to do so unless limited by article 6, section 18, of the Constitution which provides in part: " The Legislature shall not hereafter confer upon any inferior or local court of its creation any equity jurisdiction *or any greater jurisdiction in other respects than is conferred upon County Courts by or under this article;* but it may provide that the territorial jurisdiction in civil cases of any inferior or local court now existing or hereafter established in any city or of justices of the peace in cities shall extend throughout the county or counties in which such city may be located."

The question is, then, whether jurisdiction over non-resident defendants who are served here is greater than is conferred upon County Courts within the meaning of the constitutional prohibition. The answer might be doubtful in the absence of controlling authority. But it must be regarded as settled by the decision in *Worthington* v. *London G. & A. Co.* (164 N. Y. 81), where it was held that the constitutional provision refers only to jurisdiction *of subject-matter* and not to jurisdiction *of the person.* The court said (at p. 91): " The framers of the Constitution, in contemplating the creation of inferior local tribunals by the legislature and limiting its power, *were not dealing with the jurisdiction of these future courts as to territory, non-resident parties defendant or foreign corporations, but as to subject-matter; they were not to have, in a general way, greater powers, importance and dignity than a County Court.*"

The *Worthington* case was followed in *Routenberg* v. *Schweitzer* (165 N. Y. 175). Other cases point to the same conclusion. (*Dodge Mfg. Co.* v. *Nassau Show Case Co.,* 44 App. Div. 603; *Irwin* v. *Metropolitan Street Railway Co.,* 38 id. 253; *Degnon* v. *Cook & Wilson,* 98 Misc. 251; cf. *Kantro* v. *Armstrong,* 44 App. Div. 506.) In the

*Degnon Case (supra)* Judge LEHMAN, writing for the Appellate Term, said (at p. 255): " In other words, as I construe that case [*Worthington* case], the court held that, when the legislature created the Greater City of New York, it had a right to consolidate into a court with jurisdiction coterminous with the boundaries of the new city the local courts existing in the various sections of the city and to confer on the consolidated court the same jurisdiction which had been possessed by any of the former courts or to confer new jurisdiction subject to two limitations: *First,* it could not be given powers to act beyond the boundaries of an established political subdivision of the state; *second,* it could not be given jurisdiction greater than the County Courts had over the defendants properly brought into those courts. *The legislature was not, however, bound to confine the jurisdiction of the local inferior courts to actions against residents of counties or even to residents of some other political subdivision of the state so long as jurisdiction of the persons could be obtained within the territorial jurisdiction of the court.*"

It is apparent, therefore, that the Legislature had the undoubted right to confer jurisdiction over non-resident defendants who are served with process in Broome county. That it intended to do so is the plain language of the statute creating the court. Consequently, the motion for dismissal of the action must be denied.

Motion denied, without costs. Submit order.