REICHHOLD CHEMICALS, INC., Respondent, *v.* SCHENECTADY COATING CORPORATION, Appellant.

County Court, Schenectady County, February 16, 1940.

*Morris Marshall Cohn,* for the appellant.

*Thomas R. Tillott,* for the respondent.

LIDDLE, J. The question is whether the City Court of the city of Schenectady acquires jurisdiction of a non-resident defendant by service of process upon it where the plaintiff likewise is a non-resident and where neither plaintiff nor defendant have a place of business within the territorial jurisdiction of the City Court of the city of Schenectady.

This action was commenced by the issuance of a summons out of said court and the service thereof on the defendant, Schenectady Coating Corporation. This defendant has a place of business in the town of Rotterdam, adjoining the territorial limits of the city of Schenectady in the county of Schenectady. However, defendant has no residence or place of business in the city of Schenectady. The plaintiff, Reichhold Chemicals, Inc., is a foreign corporation and has no residence or place of business within the city of Schenectady.

At the time of the filing of the complaint with the court, counsel for the defendant appeared specially and moved for a dismissal of the summons and complaint on the ground that the City Court of the city of Schenectady lacked jurisdiction. The judge of the court denied the motion to dismiss and defendant appeals.

Counsel for the defendant now urges this court that because the City Court, heretofore mentioned, is a court created by statute with limited territorial jurisdiction, there is want of jurisdiction of the defendant and any judgment by that court would be a nullity.

Counsel for the plaintiff, on the contrary, equally urges that where the plaintiff is a non-resident and has no place of business in the city of Schenectady, but that the defendant has a place of business in a town adjoining the territorial limits of the city of Schenectady, the City Court acquires jurisdiction.

It is well established that the City Court of Schenectady is a court of limited territorial jurisdiction with only such power and authority as is delegated to it by statute. (See Laws of 1927, chap. 393, art. 1, § 6; also, Laws of 1893, chap. 631.) The judge of this court is elected solely by the electorate of the city of Schenectady. The maintenance of this court is purely a local, judicial function of the municipality in which it is located. It is a continuation and reorganization of the Justice's Court, as established from time to time by statute. Previous to the enactment of chapter 631 of the Laws of 1893, it was a Justice's Court. The City Court of Schenectady was first established by an act of the Legislature, pursuant to chapter 631 of the Laws of 1893. The present territorial jurisdiction of the City Court is set forth in section 6 (*supra*). Therefore, said court is only clothed with such power and special territorial jurisdiction as it has acquired from time to time by these various acts of the Legislature.

The power of courts of statutory origin will be strictly limited to the exact literal meaning of the words used in the statute, holding them to the precise limits of jurisdiction prescribed by law. (*People* v. *Henries*, 136 Misc. 224, 227.)

Section 6 (*supra*) must be read, construed and interpreted in conjunction with section 10 of the Justice Court Act. The territorial limitation as to the court's jurisdiction is confined to the municipality of the city of Schenectady. The essential elements which confer jurisdiction in this court are three: *First*, residence of parties, plaintiff or defendant. *Second*, amount demanded in the complaint. *Third*, nature of cause of action or proceeding. We are now only interested in the first essential element. The plaintiff or the defendant or one of them must at the time of the commencement of the action, be a resident or have a place of business within the territorial limits of the municipality of the city of Schenectady, in which and for which the court is established by statute. (*Worthington* v. *London G. & A. Co.*, 164 N. Y. 81.) The court must acquire jurisdiction of the parties within the territorial jurisdiction of the court. (*Gahagan* v. *Fairbanks*, 147 Misc. 685.)

This court may, however, send its process anywhere in the county of Schenectady, so long as the court has within its territorial jurisdiction the plaintiff or defendant. Residence or place of business within the city of one of the parties, plaintiff or defendant, is a jurisdictional requirement.

Under section 10 of the Justice Court Act, one of the parties, plaintiff or defendant, must reside within the territorial jurisdiction of the justice issuing the summons, either in his own town or an adjoining town; however, where a plaintiff is a non-resident and the action is not brought in the town or city where the defendant has a residence or place of business, the court acquires no jurisdiction. (See *Cole* v. *Phelps*, 139 Misc. 431.)

It is, therefore, my opinion that the Legislature never intended the City Court of Schenectady to acquire jurisdiction of a defendant in a cause of action where neither plaintiff nor defendant reside or have a place of business within the territorial jurisdiction of the city of Schenectady.

Consequently, motion for a dismissal of the summons and complaint must be granted and the action is accordingly dismissed, with costs. Submit order.