CLEVELAND MORTUARY SUPPLY Co., Plaintiff, *v.* THOMAS A. COX, Defendant.

City Court of Utica, December 31, 1947.

*Powers and Powers* for defendant appearing specially.

*D. Collis Wager* for plaintiff.

LUTZ, J. Plaintiff is a nonresident of this city and of this county. It is a foreign corporation. No claim is made that it has an office for the transaction of business within this county. It is, therefore, assmed that it has not such place of business (*Gilbert* v. *York,* 111 N. Y. 544; *Yager* v. *Yager,* 214 App. Div. 671).

Defendant is a nonresident of this city, but is a resident of this county. He lives in Rome, New York. The summons in this action was served upon him in Rome.

Defendant appeared specially and moved that the summons and service thereof be set aside and the complaint and action be dismissed for lack of jurisdiction of the person of defendant in a case where, although defendant is a resident of Oneida County, neither party is a resident of the city of Utica.

Plaintiff responds that, as to the parties, this court has jurisdiction of defendant under the express terms of Utica City Court Code (L. 1882, ch. 103, as amd.), in particular section 4-b, subdivision 2 thereof (added by L. 1934, ch. 62).

The section cited is part of the amendments to the Utica City Court Act which extended territorial jurisdiction of the court, in civil cases, throughout Oneida County, enacted pursuant to the amendment to the Constitution of this State voted by the People in 1925, whereby authority so to enact was given to the Legislature. (N. Y. Const., art. VI, § 18.) Power lawfully to regulate as to jurisdiction of parties litigant already existed and was not changed. Similar laws have been provided for local courts in several cities, containing the same provisions that are hereinafter quoted, notably in Rome, Oneida County, where defendant resides (L. 1937, ch. 267, § 198).

After first bestowing upon this court power to send its civil process for service and execution throughout Oneida County, the enactment next (subd. 1) limits parties defendant to those who reside in Oneida County or who have " an office " for transaction of business therein. Then it provides (subd. 2): " The plaintiff or the defendant, or one of the plaintiffs or one of the defendants must be, at the time of the commencement of the action, a resident of the city of Utica ".

It is only the effect of the exception contained in the remainder of the sentence, of which the foregoing is the general provision, that is in question here. This " exception " qualifies the quoted provision as follows: " except in a case where all of the plaintiffs are non-residents of the county."

The grounds of objection are that the exception is inoperative as a matter of construction, being, in relation to its context, meaningless.

The objection raised has been decided contrary to defendant's contention, where identical language contained in like laws enacted for Buffalo and for Schenectady, was construed (*Winslow* v. *Rank*, 246 App. Div. 563; *Reichhold Chemicals, Inc.*, v. *Schenectady Coating Corp.*, 173 Misc. 395, revd. 260 App. Div. 830, appeal dismissed for failure to give bond 285 N. Y. 619).

It follows that the court, by the summons and service thereof, acquired jurisdiction of the defendant, and the motion to dismiss the objections of the defendant is granted.